15977

LATHAM *ET AL.* v. TOWN OF YORK *ET AL.*

(43 S. E. (2d) 467)

*Messrs. Charles B. Ridley,* and *Spencer & Spencer,* of Rock Hill, for Appellants, cite:

*Messrs. Hart & Moss,* and *John M. Spratt,* of York, for Respondents, cite:

*Messrs. Charles B. Ridley,* and *Spencer & Spencer,* of Rock Hill, for Appellants, in Reply, cite:

August 2, 1947.

BAKER, Chief Justice: The order made by the Circuit Judge in this case disposes of the case on its merits. It is our opinion that the merits of the case were not before the Circuit Judge, and that, against the objection of the appellants, he was without power to deal with the case in this light. We find it unnecessary, therefore, to state the facts beyond the scope of the procedural questions involved.

The Town of York owns the water plant operated in the municipality. The Woodlands Realty and Development Company (hereinafter referred to as the Company, and this designation also includes the parties named as individuals and

as owners and stockholders of the Woodlands Realty and Development Company), a corporation, owns certain property outside of the limits of, but contiguous to the Town of York, and is engaged in the development of this property as a residential subdivision.

The appellants (plaintiffs below) allege in their complaint that the Town of York and the Company claim to have entered into an agreement under the terms of which the water line of the municipal water plant which runs to the Town limits at the point where the Company's lands adjoin, was to be and was being extended along the property of the Company; and that the claimed agreement provides for the payment by the Company to the Town of a flat monthly sum of $20.00 for water for a period of two years or until the Company's development has reached such proportions that the income to the Town from the users of the water exceeds $20.00 per month. The appellants further allege that if any such agreement as that above stated has been made, it is "invalid, illegal and void" upon a number of grounds set forth in the complaint. The grounds of attack are in the main that the alleged agreement was not made by the adoption of an ordinance or in conformity with the proper procedure governing action by the city council; that it is *ultra vires*; and that it involves an unlawful delegation of municipal governmental powers to a private concern.

The suit is brought by the appellants as citizens, inhabitants, freeholders and taxpayers of the Town of York. The defendants are the Town of York, the mayor and members of the town council, and the company.

With this complaint there were filed several affidavits of residents and property owners of the Town of York, and of officials of the town supporting various allegations of the complaint.

Upon this complaint an order *nisi* was granted requiring the respondents (defendants) to show cause "why there should not be issued a writ of injunction perpetually restrain-

ing and enjoining all of the above named respondents from carrying out" the provisions of the alleged contract, and "also perpetually restraining and enjoining" the respondents from extending the waterworks of the Town beyond the corporate limits for the purpose of furnishing a water line to the company's property. In this order there. also is a provision restraining the respondents, pending the hearing of the matter, from proceeding with the performance of the contract.·And finally the order sets forth "that the matter may be heard on affidavits to be presented at the hearing."

A return was made by the Town of York, and by its mayor and town council setting forth in detail the provisions of the contract in question and the circumstances under which the same was made, it being alleged that practically all of the expense of extending the water line would be borne by the company and upon the completion of the water line it would become the property of the town; and claiming that the said contract was made under statutory authority and is otherwise legal and proper in respect to all of the matters alleged in the complaint. Allegations of the complaint respecting alleged inadequacy of the water service available to residents within the city limits are among those which are denied by the respondents.

The matter came.up for hearing before the Circuit Judge on the pleadings and affidavits above referred to. According to the agreed statement in the transcript of record, the following then occurred:

"At the opening of the hearing before Hon. J. Woodrow Lewis, at Chester, S. C., Counsel for Appellants moved for a continuance and asked for an Order of Reference, saying that there were certain records of the Town Council of York which were not available and which were material and that in the short time between the application for the rule and the hearing, Appellants had been unable to put into affidavit form many matters material to the issues in the cause. Counsel for Appellants at the same time stated that it would be

agreeable to go into the merits of granting an injunction *pendente lite* extending the *ex parte* restraining order, but objected to trial of the case upon the question of granting or refusing a permanent injunction.

"After argument the Court ruled that the Appellants were bound by the terms of the rule and that the case should proceed, His Honor, Judge Lewis, ruling that the case would have to be heard on the merits upon the record as made up and refusing the motion for continuance or for the appointment of Referee.

"The case was then tried upon the verified Complaint and Return, the affidavits in support of each, and full arguments."

The Circuit Judge thereupon granted an order discharging the rule, dissolving the temporary restraining order and dismissing the complaint.

The pleading of the appellants is described in the record as a "verified complaint and petition for writ of injunction," and in the body of the complaint the parties are described respectively as "petitioners" and "respondents."

The pleading of the respondents is designated as a "return to the rule to show cause issued herein and to the complaint and petition." And in the order of the Circuit Judge the respondents' pleading is described as a return made in conformity with the provisions of the order *nisi*.

No other pleading was served by the respondents, so that as the matter comes before this Court, the case has been disposed of without an answer or a hearing on the merits. It might be that the respondents' return could be treated as an answer to the complaint. If it be so treated, it would still be true that the cause has been disposed of on its merits, on the pleadings and affidavits, without any hearing in a constitutional sense.

It appears to us to be clear that Judge Lewis proceeded upon a misapprehension as to the legal meaning and scope of the order *nisi* granted by Judge Gaston.

In that order Judge Gaston did refer to the hearing as involving the granting of a perpetual injunction, but obviously this must be deemed to have been an inadvertence, for such an injunction, involving the disposition of a case on its merits, can be granted only after the customary pleadings have been served and full opportunity has been granted to the litigants on both sides of the case to present their evidence.

When Judge Gaston directed in his order *nisi* that "the matter may be heard on affidavits," he obviously was referring to a hearing relating to the dissolution of the restraining order or to the granting of a temporary injunction pending the hearing of the case on its merits.

No citation of authority is necessary for the statement of the proposition that while a temporary restraining order and sometimes even a temporary injunction may be granted when an action is begun or while an action is pending, see Section 565 *et seq.*, Code of 1942, a permanent injunction, constituting the final disposition of a case on its merits, can ordinarily be granted only after a hearing on its merits. This is a matter of elementary constitutional law. The right of the litigants on each side to confront the witnesses of the other and to cross-examine them, is not one that will be lightly-regarded as waived or superfluous.

Different considerations apply, of course, where there is a demurrer to the complaint in a suit for injunction, and where the admissions in the pleadings render the taking of testimony superfluous. But there was no demurrer to the complaint here and as already indicated, we are unable to say on the present record that the governing legal questions in this case will not be affected by the matters of fact which are in dispute between the parties.

We are not to be understood to be passing upon any legal or factual issue presented by the record. In the absence of a demurrer to the complaint, we are of opinion that the legal questions raised by the litigants should be left open until evidence has been taken on all of the factual matters in issue.

We think it not at all inconceivable, whatever may be thought to be the governing general principles applicable to a situation such as the appellants present, that the questions whether a contract such as is involved here was in fact made, and whether it was made in such a manner as to be legally binding, and whether it is within the corporate powers of the Town of York, involve legal principles that may be found applicable or not applicable depending upon whether the factual matters in dispute between the parties are resolved one way or another.

Merely by way of illustration it may be pointed out, without the expression of any opinion on the legal question involved, that the right or power of the governing authorities of the Town of York to enter into a contract of the character in question may be in some manner affected by the claim of the appellants respecting the failure of the town to supply adequate water facilities to residents within the town limits, and the factual denials of the respondents in this regard. There are other issues of fact in the case equally pertinent.

To the extent that the order of the Circuit Judge terminated the temporary restraining order and refused the temporary injunction we are not disposed to disturb the same. To the extent, however, that the order disposes of the case on its merits we are constrained to hold that it constitutes a denial of due process in that, whether the pleading of the respondents be treated with as an answer or merely as a return, the appellants were entitled to be heard after a trial of the facts to be held either before the Circuit Judge or before a Master, in the manner prescribed by law.

A further question in the case is whether the order of the Circuit Judge disposing of the case on its merits should not be upheld upon the ground that since the granting of the order refusing a temporary injunction and dismissing the complaint, the work of laying the water pipe and otherwise constructing the proposed extension has been completed, and that therefore, according to the respondents, the questions

presented in this case have become moot. This issue is presented 'in the form of the submission of proposed amendments to the appellants' proposed case for appeal. The appellants, however, declined to agree to these proposed amendments and filed an affidavit denying the material facts upon which such amendments are founded. The Circuit Judge allowed the proposed amendments, and from this allowance appellants have excepted.

We are not passing upon the correctness of the procedure by which the respondents thus attempted to bring before this Court the factual matter upon the basis of which they contend that since the hearing of the case in the Court below the controversy between the parties has become moot. It is unnecessary to go into this subject because of the necessity that the case be remanded to the Circuit Court for trial. There it will be possible for the respondents to present the matter by way of a supplemental pleading, see Section 498, Code of 1942, and for the Circuit Judge to determine the issue of fact.

We may, however, comment, without deciding the issue, that since the project in question involved not merely the extension of the water line, but also the furnishing for a period of two years of water from the municipal plant, it would appear that all questions relating to the validity of the agreement between the town and the company are as active after the pipe has been laid as before. The object of the suit is not merely to prevent the installation of the water pipe; it is to prevent the furnishing of water by the municipality to the company.

So much of the order of the Circuit Judge as has the effect of dissolving the restraining order and of refusing a temporary injunction is sustained; in other respects the order is reversed and the cause remanded for further proceedings in accordance with the foregoing.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.