22296

In re Dr. F. Q. ZAMAN.

(329 S. E. (2d) 436)

Supreme Court

*Gary E. Clary,* Gaffney, *for appellant Cherokee County Memorial Hosp.*

*H. Fulton Ross,* Gaffney, and *Charles E. Carpenter, Jr.,* Columbia, *for respondent Dr. F. Q. Zaman.*

Argued Jan. 23, 1985.

Decided April 23, 1985.

NESS, Justice:

This case involves the termination of a physician's hospital staff privileges. The circuit court ruled Cherokee County Memorial Hospital violated respondent Dr. F. Q. Zaman's due process rights in terminating his staff privileges. We affirm.

Three physicians with admitted bias against Dr. Zaman initiated this proceeding by writing letters of complaint to a hospital committee. The case proceeded through internal hospital procedures to the Executive Committee who recommended to the hospital Board of Trustees Dr. Zaman's privileges be suspended. The Board rejected the recommendation and reinstated respondent.

The hospital's by-laws provide when the Executive Committee and the Board of Trustees disagree, the case is referred to a Joint Conference Committee consisting of four trustees and four physicians. In this case, three of the four committee physicians were the original complainants.

Subsequently the Board of Trustees reversed its decision and suspended respondent's privileges. Respondent appealed to the circuit court who ruled the procedure followed violated his due process rights.

The hospital first alleges the circuit court had no subject matter jurisdiction to hear the appeal. We disagree.

Section 18-7-10 confers jurisdiction to the circuit court of the county when "judgment is rendered by the magistrate's court, by the governing body of a county or *by any other inferior court or jurisdiction—.*" (Emphasis added.)

We hold the decision of the Cherokee County Hospital Board of Trustees falls under § 18-7-10 and is reviewable by the circuit court.

The Fifth Amendment to the U. S. Constitution and the Fourteenth Amendment prohibits depriving any person of property without due process of law. There is no dispute that in a public hospital the provisions of the Fourteenth Amendment must be met in the admission of physicians to its staff. *Klinge v. Lutheran Charities Association of St. Louis,* 523 F. (2d) 56 (8th Cir. 1975); 37 ALR (3d) 645.

While we agree a licensed physician does not have an unqualified right to practice his profession in a public hospital, nevertheless "a public hospital cannot exclude a physician—from practice therein by rules, regulations, or acts of the hospital's governing authorities, which rules, regulations or acts have been described variously as unreasonable, arbitrary, capricious, or discriminatory—." 37 ALR (3d) 666.

Having three of respondent's original accusers sit also as his jury is a direct violation of respondent's right to a fair and meaningful hearing under the due process clause.

Affirmed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.