### 22566

SOUTH CAROLINA NATIONAL BANK, Appellant v. CENTRAL CARO-
LINA LIVESTOCK MARKET, INC., John W. Conder, III, individually
and as trustee, Gay L. Conder, William L. Tetterton as trustee, and
Patrick D. Partin as trustee, Defendants, of whom Central Carolina
Livestock Market, Inc. and Jonn W. Conder, III, individually, are
Respondents.

(345 S. E. (2d) 485)

Supreme Court

*Hamilton Osborne, Jr.,* of *Boyd Knowlton, Tate & Finlay;* and *L. Henry McKellar,* of *Legal Dept. of South Carolina Nat. Bank,* Columbia, *for appellant.*

*George W. Speedy,* of *Furman, Speedy & Stegner,* and *William R. Byars, Jr.,* of *Savage, Royall, Kinard,* Sheheen & Byars, Camden, *for respondents.*

Heard Nov. 4, 1985.

Decided June 9, 1986.

*Per Curiam:*

This is an appeal from an order which extinguished the right of appellant South Carolina National Bank to a deficiency judgment in a mortgage foreclosure action against

respondents Central Carolina Livestock Market, Inc. and John W. Conder, III. We affirm.

I

The appeal first challenges the constitutionality of Act No. 264 of 1933, which is now codified as S. C. Code Ann. §§ 29-3-680 to -770 (1976). The Bank argues that the Act denies due process of law because it fails to provide a judicial determination of value after a hearing at which the parties present evidence and cross-examine witnesses. We reject this argument.

Under the Act, a person who is personally liable for the debt remaining after the sale of real property in a mortgage foreclosure action may petition the Circuit Court for an appraisal. If an appraisal is requested, the court appoints three appraisers. One appraiser is appointed by the debtor, and one is appointed by the creditor. The remaining appraiser is appointed by the court.

The appraisers then view the mortgaged property and determine "the true value of the property as of the date of sale, taking into consideration sale value, cost and replacement value of improvements, income products and all other proper elements which, in their discretion, enter into the determination of value." The Act provides the parties with no opportunity to attend the viewing or to present evidence to the appraisers.

When a majority of the appraisers agree on a value, they file a return with the court. The clerk then isssues an order decreasing the deficiency by the amount the appraised value exceeds the net proceeds from the foreclosure sale. A party aggrieved by the order has the right to appeal to the Circuit Court within ten days after receiving notice that the order has been filed.

If an appeal is taken, the Circuit Court hears the appeal without a jury. The Act provides the judge with a veritable smorgasbord of procedures from which to choose in determining the appeal. He may hear the appeal "upon affidavits or oral testimony as he deems advisable." If he determines that the appraisal does represent the true value of the property, he confirms the appraisal and an aggrieved party has the right to appeal to this Court. On the other hand, if

the judge determines that the appraisal does not fairly represent the value of the property, he may "order a new appraisal upon such terms as he may deem equitable."

The Bank commenced this action to foreclose several mortgages given by Central Carolina and Conder to secure certain loans. Pursuant to a decree of foreclosure, the property was sold at public auctions. At the auctions, the Bank purchased the two parcels of realty involved in this appeal.

After the sales were final, the Bank obtained deficiency judgments against Central Carolina and Conder as provided under the decree of foreclosure. Central Carolina and Conder then moved for an appraisal under the Act.

The Circuit Court directed an appraisal of the property, and the appraisers unanimously found that the true value of the two parcels on the date of the sale exceeded the balance due under the notes. Under the Act, this finding extinguished the deficiency judgments.

The Bank appealed the appraisal to the Circuit Court as provided by the Act. Over the objection of the Bank, the judge ruled that he would hear the appeal on affidavits without any testimony. After this ruling, the judge agreed, with the consent of all parties, to consider depositions rather than affidavits.

After considering the depositions and briefs of the parties, the judge issued an order confirming the appraisals and extinguishing the deficiency judgments. It is from this order that the Bank appeals.

A statute will not be declared unconstitutional unless its repugnance to the constitution is clear and beyond reasonable doubt. *Southeastern Home Building & Refurbishing, Inc. v. Platt*, 283 S. C. 602, 325 S. E. (2d) 328 (1985). A court must uphold the constitutionality of legislation if possible, and if its construction is doubtful, the doubt will be resolved in favor of the law. *Duke Power Co. v. S. C. Public Service Commission*, 284 S. C. 81, 326 S. E. (2d) 395 (1985).

Under Both Article I, Section 3 of the South Carolina Constitution and the fourteenth amendment to the United States Constitution, a person cannot be deprived "of life, liberty, or property without due process of law."

To evaluate the challenge of the Bank, we must determine whether it was deprived of a protected interest, and if so, what process was its due. *Logan v. Zimmer-*

man Brush Co., 455 U. S. 422, 102 S. Ct. 1148, 71 L. Ed. (2d) 265 (1982). There can be no doubt that the right of the Bank to a deficiency judgment under the notes which the mortgages secured and the decree of foreclosure is a property interest protected under the due process clauses.

The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U. S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. (2d) 62 (1965). Due process does not mandate any particular form of procedure. *South Carolina Ports Authority v. Kaiser*, 254 S. C. 600, 176 S. E. (2d) 532 (1970). Instead, due process is a flexible concept, and the requirements of due process in a particular case are dependent upon the importance of the interest involved and the circumstances under which the deprivation may occur. *Walters v. National Ass'n of Radiation Survivors*, 473 U. S. _____ , 105 S. Ct. 3180, 87 L. Ed. (2d) 220 (1985); *Hewitt v. Helms*, 459 U. S. 460, 103 S. Ct. 864, 74 L. Ed. (2d) 675 (1983).

The only case of which we are aware addressing the constitutionality of a similar mortgage appraisal procedure is *Society for Savings v. Chestnut Estates*, 176 Conn. 563, 409 A. (2d) 1020 (1979). There, the Supreme Court of Connecticut held the appraisal statute of that state violated due process. The Connecticut statute, however, is clearly distinguishable because, unlike the Act in this case, it did not provide for the judicial review of the factual findings of the appraisers.

There are, however, several cases addressing the constitutionality of similar procedures used to determine the value of property taken by eminent domain. Under the due process clause, it is permissible for the value of condemned land to be determined by appraisers without an evidentiary hearing if their appraisal is subject to an appeal at which the parties may offer evidence and be fully heard on the issue of value. *Bailey v. Anderson*, 326 U. S. 203, 66 S. Ct. 66, 90 L. Ed. 3, *reh. denied*, 326 U. S. 691, 66 S. Ct. 228, 90 L. Ed. 407 (1945); *North Laramie Land Co. v. Hoffman*, 268 U. S. 276, 45 S. Ct. 491, 69 L. Ed. 953 (1925); *Bragg v. Weaver*, 251 U. S. 57, 40 S. Ct. 62, 64 L. Ed. 135 (1919). The fact that the appellate court is limited to either approving or disapproving the appraisal does not deprive a party of due process. *Uihlein v. City of St. Paul*, 32 F. (2d) 748 (8th Cir. 1929), *cert. denied*, 281 U. S. 726, 50 S. Ct. 240, 74 L. Ed. 1143 (1930);

see *Long Island Water Supply Co. v. City of Brooklyn,* 166 U. S. 685, 17 S. Ct. 718, 41 L. Ed. 1165 (1897).

Under the Act, a judge clearly has the discretion to allow a full trial on the issue of value which would include the presentation of evidence and the cross-examination of witnesses. By analogy to the condemnation cases, such a hearing would provide a party with a meaningful opportunity to be heard even though the judge is limited to either confirming the appraisal or ordering a new appraisal. Therefore, we hold that the Act is not unconstitutional on its face since it may be applied in a manner consistent with the due process clauses of both the state and federal constitutions.

There remains the question of whether the Bank was denied due process in the application of the Act. We have previously condemned the use of affidavits to determine disputed issues of fact. *See Simonds v. Simonds,* 232 S. C. 185, 101 S. E.(2d) 494 (1957); *Latham v. Town of York,* 210 S. C. 565, 43 S. E. (2d) 467 (1947); *Union Savings Bank v. Hubbard,* 138 S. C. 328, 136 S. E. 481 (1927); *Team v. Bryant,* 71 S. C. 331, 333, 51 S. E. 148, 149 (1903). If the judge had remained steadfast in his initial ruling which limited the hearing on appeal to affidavits alone, this ruling, though permitted by the Act, would have denied the parties a meaningful opportunity to be heard.

However, the judge did not remain steadfast in this ruling. Instead, he permitted the parties to present depositions in lieu of affidavits. During the depositions, the Bank was given an opportunity to fully examine the appraisers and other witnesses. The parties were also given an opportunity to file briefs in support of their respective positions. We hold that determining the appeal upon the depositions and briefs afforded the Bank a meaningful opportunity to be heard and thus accorded it due process.

II

The Bank further argues that the values found by the appraisers do not represent the true value of the property. We also reject this argument. Because this is an action in equity, we may make findings of fact in accordance with our own view of the evidence. *See Byrn v.*

*Walker*, 275 S. C. 83, 267 S. E. (2d) 601 (1980). Based on our review of the evidence, we find that the values found by the appraisers and confirmed by the Circuit Court are supported by the preponderance of the evidence.

For these reasons, the order of the Circuit Court is

Affirmed.

NESS, C. J., and FINNEY, J., not participating.