841 F.2d 1124
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fasih Q. ZAMAN, M.D., Plaintiff-Appellee,
v.
Jason H. BRAZEE, individually; Arthur M. Pedersen,
individually; Lemuel M. Rosemond, individually;
Charles P. Stroupe, individually,
Defendants- Appellants,
and
Cherokee County, South Carolina, et al; Don A. Gantt,
individually and in his official capacity as former Trustee
of the Cherokee County Memorial Hospital; O.C. Blackwood,
individually and in his official capacity as former Trustee
of the Cherokee County Memorial Hospital; Ruby P. Starnes,
individually and in her official capacity as former Trustee
of the Cherokee County Memorial Hospital; Ross Robbs,
individually and in his official capacity as former Trustee
of the Cherokee County Memorial Hospital; Charles T.
Mathis, Jr., individually and in his official capacity as
former Trustee of the Cherokee County Memorial Hospital;
Larmon Roberts, individually and in his official capacity as
former Trustee of the Cherokee County Memorial Hospital;
Carl E. Reynolds, individually and in his official capacity
as former Trustee of the Cherokee County Memorial Hospital;
Mickey Bailey, individually and in his official capacity as
former Trustee of the Cherokee County Memorial Hospital;
Junie H. White, individually and in her official capacity as
former Trustee of the Cherokee County Memorial Hospital;
Jason H. Brazee, in his official capacity as former member
of the Joint Conference Committee of the Cherokee County
Memorial Hospital; Arthur M. Pedersen, in his official
capacity as former member of the Joint Conference Committee
of the Cherokee County Memorial Hospital; Lemuel M.
Rosemond, in his official capacity as a former member of the
Joint Conference Committee of the Cherokee County Memorial
Hospital, Defendants.
Fasih Q. ZAMAN, M.D., Plaintiff-Appellee,
v.
Don A. GANTT, individually; O.C. Blackwood, individually;
Ruby P. Starnes, individually; Ross Robbs, individually;
Charles T. Mathis, Jr., individually; Larmon Roberts,
individually; Carl E. Reynolds, individually; Mickey
Bailey, individually; Junie H. White, individually,
Defendants- Appellants,
and
Cherokee County, South Carolina, et al; Don A. Gantt, in
his official capacity as former Trustee of the Cherokee
County Memorial Hospital; O.C. Blackwood, in his official
capacity as a former Trustee of the Cherokee County Memorial
Hospital; Ruby P. Starnes, in her official capacity as a
former Trustee of the Cherokee County Memorial Hospital;
Ross Robbs, in his official capacity as a former Trustee of
the Cherokee County Memorial Hospital; Charles T. Mathis,
Jr., in his official capacity as a former Trustee of the
Cherokee County Memorial Hospital; Larmon Roberts, in his
official capacity as a former Trustee of the Cherokee County
Memorial Hospital; Carl E. Reynolds, in his official
capacity as a former Trustee of the Cherokee County Memorial
Hospital; Mickey Bailey, in his official capacity as a
former Trustee of the Cherokee County Memorial Hospital;
Junie H. White, in her official capacity as a former Trustee
of the Cherokee County Memorial Hospital; Jason H. Brazee,
individually and in his official capacity as a former member
of the Joint Conference Committee of the Cherokee County
Memorial Hospital; Arthur M. Pedersen, individually and in
his official capacity as a former member of the Joint
Conference Committee of the Cherokee County Memorial
Hospital; Lemuel M. Rosemond, individually and in his
official capacity as a former member of the Joint Conference
Committee of the Cherokee County Memorial Hospital; Charles
P. Stroupe, individually, Defendants.
 Nos. 86-3667, 87-3502.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 5, 1987.
Decided: Feb. 22, 1988.
 
 Beverly A. Carroll (Robert R. Carpenter; Roddy, Carpenter & White, P.A., on brief); William Ussery Gunn (Holcombe, Bomar, Wynn & Gunn; Kenneth P. Woodington, Office of the Attorney General, on brief), for appellants.
 H. Fulton Ross, Jr. (John F. Beach, on brief), for appellee.
 Before DONALD RUSSELL, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff, a physician, sues to recover damages for the termination of his hospital privileges by the defendants, the hospital administration and the members of certain medical staff committees, for violation of his due process rights as declared in 42 U.S.C. Sec. 1983. Both plaintiff and defendants made motions for summary judgment in the district court. The plaintiff's motion for summary judgment is based on the decision of the South Carolina Supreme Court in an action between him and the Cherokee County Memorial Hospital, in which he asserted his rights under the due process clause of the Federal Constitution had been violated in the termination of his hospital privileges. In Re Dr. F.Q. Zaman, 285 S.C. 345, 329 S.E.2d 436 (1985). In that decision the court held that the plaintiff's federal due process rights had been violated by the denial to him of a "fair and meaningful hearing under the due process clause" in the proceedings resulting in the termination of his hospital privileges. The plaintiff urges that under this decision the Hospital is collaterally estopped in this federal action to deny the violation, and he seeks what the district court declared to be "massive actual damages." The district court recognized the decision of the South Carolina Supreme Court but held that the recovery of actual damages as distinguished from nominal damages under Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), should await the determination of the plaintiff's claim for actual damages.
 
 
 2
 The defendants dispute vigorously any claim by the plaintiff of a right to recover actual damages. It is their position that the plaintiff voluntarily surrendered his hospital privileges before the Hospital Board had acted and the defendants also suggest that proceedings before the South Carolina Board of Examiners questioning the plaintiff's competency as a physician are presently pending. The district court foresaw a considerable amount of testimony on this question of the right of the plaintiff to recover actual damages as a result of these defenses. It accordingly denied the motion of the plaintiff for summary judgment, finding the entry of judgment for actual damages, if any, should await trial. At the same time it delayed the matter of the award of nominal damages as a matter of law until after decision on actual damages, reserving, as it said, the right to enter a motion for judgment for nominal damages "should the jury find the plaintiff has not sustained any actual damages." We find no error in the method of judicial administration of this phase of the case by the district court, and, therefore, affirm the denial of plaintiff's motion for summary judgment at that time.
 
 
 3
 The defendants, on the other hand, asserted in their motion for summary judgment the defense of qualified privilege as an absolute defense. The district court found that the record was not sufficiently developed at this time for resolution of this claim and it denied the motion on the present record. We find no error in such ruling.
 
 
 4
 The judgment of the district court is accordingly
 
 
 5
 AFFIRMED.