### 1611

Alan B. HUELLMANTEL, M.D., Appellant v. GREENVILLE HOSPITAL SYSTEM, Respondent.

(402 S.E. (2d) 489)

Court of Appeals

*Joseph M. Jenkins, Jr.,* of *Horton, Drawdy, Ward & Johnson,* Greenville, *for appellant.*

*Frances D. Ellison,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for respondent.*

Heard Dec. 5, 1990.

Decided Feb. 25, 1991.

*Per Curiam:*

Dr. Alan B. Huellmantel brought suit in circuit court appealing the decision of the Greenville Hospital System (Hospital) to deny his reappointment to its medical staff. The trial court found that the Hospital did not deny Dr. Huellmantel his due process rights and held in favor of the Hospital. We affirm in part and reverse in part.

In May 1988, Dr. Huellmantel applied for reappointment to the Hospital's medical staff. The application has a section called "Disciplinary Actions" which asks an applicant to indicate if he voluntarily relinquished his staff privileges or had them revoked at a member hospital. Dr. Huellmantel checked "No" to all responses. The Hospital wrote St. Francis Hospital in Greenville inquiring about Dr. Huellmantel's status there. St. Francis responded that the doctor's privileges had been terminated in July 1987 for failure to follow regulations regarding recordkeeping. St. Francis also indicated that Dr. Huellmantel may have given inadequate care to a patient.

On July 12, 1988, Dr. Chandler, the Chairman of the Hospital's Credentials Committee, met with Dr. Huellmantel. Dr. Huellmantel claimed that he had not been terminated by St. Francis Hospital, but rather had resigned and promised to send Dr. Chandler documents which would clarify the situation. Dr. Chandler did not receive the documents by July 25, 1988, when the Hospital's Credentials Committee met. The Credentials Committee considered Dr. Huellmantel's application and Dr. Chandler's report of his meeting with Dr. Huellmantel and recommended that the application be denied. Dr. Huellmantel requested a hearing and one was held on October

18, 1988, before a panel of five physicians. The Hearing Committee recommended that Dr. Huellmantel's application be denied, that he be prohibited from reapplying for staff privileges for an unspecified period of time, and that be required to undergo psychiatric evaluation and treatment as appropriate before he reapply.

Based upon the Hearing Committee's report, the Hospital's Medical Staff Council recommended that Dr. Huellmantel's application for reappointment be denied, that he not be allowed to reapply for one year, and that he be required to undergo psychiatric evaluation and treatment as appropriate before he be allowed to reapply. Dr. Huellmantel appealed the decision of the Medical Staff Council to the Hospital's Board of Trustees. The Board of Trustees approved the recommendation of the Medical Staff Council. On December 28, 1988, Dr. Huellmantel brought this action appealing the decision of the Hospital alleging that the Hospital's actions deprived him of his right to due process.

Dr. Huellmantel's hearing and all subsequent proceedings were governed by the Hospital's Fair Hearing Plan. In accordance with the Plan, the Hospital notified Dr. Huellmantel that the Medical Staff Council recommended that his reappointment be denied because of Dr. Huellmantel's:

1. Failure to provide documentation explaining [his] leaving the staff of St. Francis Hospital.
2. Failure to provide documentation regarding review of certain patient care by St. Francis Hospital.

Dr. Huellmantel was notified of the one witness expected to testify against him, and was given copies of all written information which was considered in making the recommendation. He was also given thirty days notice of the date, time and place of the hearing.

Despite being given the opportunity to be represented by counsel, Dr. Huellmantel appeared alone. He also declined the opportunity to present witnesses on his behalf, and failed to provide any documentation in support of his position.

The issues of merit are whether the Hospital afforded Dr. Huellmantel due process before (1) denying his application for reappointment and requiring that he wait one year before being permitted to reapply for medical staff membership and

(2) requiring him to undergo a psychiatric evaluation and perhaps treatment in order to be able to reapply for medical staff membership.

A physician's interest in being reappointed to a hospital staff is a property interest that may not be denied without compliance with the procedural and substantive due process requirements of the Fourteenth Amendment. *See In Re: Zaman,* 285 S.C. 345, 329 S.E. (2d) 436 (1985).

Procedural due process requirements are not technical; no particular form of procedure is necessary. *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S. Ct. 1895, 40 L. Ed. (2d) 406 (1974). The United States Supreme Court has held, however, that at a minimum certain elements must be present. These include (1) adequate notice, *Goss v. Lopez,* 419 U.S. 565, 95 S. Ct. 729, 42 L. Ed. (2d) 725 (1975); (2) adequate opportunity for a hearing, *Armstrong v. Manzo,* 380 U.S. 545, 85 S. Ct. 1187, 14 L. Ed. (2d) 62 (1965); (3) the right to introduce evidence, *Baltimore & Ohio Railroad Co. v. United States,* 298 U.S. 349, 56 S. Ct. 797, 80 L. Ed. 1209 (1936); and (4) the right to confront and cross-examine witnesses, *see Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. (2d) 935 (1974).

It is not the function of the court to examine a hospital's administrative decision if the hospital has granted the physician procedural due process and has not acted in an arbitrary or capricious manner. *See Lew v. Kona Hospital,* 754 F. (2d) 1420, 1425 (9th Cir. 1985). Substantive due process requires only that a public hospital not exclude a physician from practice therein by rules or acts which are unreasonable, arbitrary, capricious or discriminatory. *See In Re: Zaman,* 285 S.C. at 347, 329 S.E. (2d) at 437.

We hold that the Hospital afforded Dr. Huellmantel due process before denying his application for reappointment and before requiring that he wait at least one year before being permitted to reapply for medical staff membership.

As its Fair Hearing Plan requires, the hospital gave Dr. Huellmantel thirty days notice of the time and place of his hearing and the charges against him. Dr. Huellmantel argues that he was not given notice of the central charge brought against him at the hearing—the falsification of the reappoint-

ment form. This argument is without merit because his falsification of the form is clearly connected to the formal charge that he failed to provide information explaining his leaving the staff at St. Francis. In addition more than thirty days prior to the hearing, the Hospital provided Dr. Huellmantel with copies of the documents that the Medical Staff Council considered in making its decision. One of the documents was a copy of the Credentials Committee minutes which clearly states that the Committee recommended denial of his reappointment in part because of "omissions and incorrect facts on his reappointment forms."

At the hearing Dr. Huellmantel was given the opportunity to introduce evidence and witnesses, but he declined to do so. In addition, the Hospital gave Dr. Huellmantel an opportunity to cross-examine the Hospital's witness, and Dr. Huellmantel did question the witness. Dr. Huellmantel appealed to the Board of Trustees which affirmed the decision of the Medical Staff Council.

The record contains no indication that the Hospital acted in an unreasonable, arbitrary, capricious or discriminatory manner when it denied Dr. Huellmantel's reapplication and required that he wait one year before reapplying. The record indicates that the hospital based its decision on reports from another hospital and testimony from unbiased physicians. As to the issue of the falsified application, Dr. Huellmantel himself admitted at the hearing that he put an incorrect answer on the form.

In light of the opportunities the hospital afforded Dr. Huellmantel and the lack of evidence that the hospital acted in an arbitrary or capricious manner, we hold that the hospital did not violate Dr. Huellmantel's due process rights when it denied his reappointment and required that he wait one year before reapplying.

The Hospital, however, failed to afford Dr. Huellmantel due process before requiring him to undergo a psychiatric evaluation and treatment in order to be able to reapply for medical staff membership. The Hospital failed to give Dr. Huellmantel notice that his mental stability was in question and that psychiatric treatment might be a prerequisite for readmission to the staff.

It is not enough that the hospital gave Dr. Huellmantel the opportunity to challenge the requirement of psychiatric evaluation at the appellate review by the Hospital Board of Trustees. The Hospital's Fair Hearing Plan does not provide for a *de novo* hearing at the appellate review. Instead the Plan allows for the review body, in its discretion, to permit the party to appear, make statements, and introduce new evidence as the review body deems appropriate. The Plan, however, does not provide for witnesses at the appellate review. Because of the Fair Hearing Plan, at the appellate review level the Hospital could not have afforded Dr. Huellmantel a full and fair hearing on the issue of his mental stability. Therefore, the Hospital failed to afford Dr. Huellmantel his due process rights before conditioning his reapplication upon psychiatric evaluation and perhaps treatment.

For the reasons stated above, the opinion of the trial court is affirmed in part and reversed in part.

Affirmed in part and reversed in part.