## 23380

Fasih Q. ZAMAN, Appellant v. S. C. STATE BOARD OF MEDICAL
EXAMINERS, Respondent.

(408 S.E. (2d) 213)

Supreme Court

*Randall M. Chastain,* Columbia and *H. Fulton Ross, Jr.,* Gaffney, *for appellant.*

*Attorney Gen. T. Travis Medlock* and *Asst. Atty. Gen. Richard P. Wilson,* Columbia, *for respondent.*

Heard March 6, 1991.

Decided April 8, 1991.

GREGORY, Chief Justice:

This is a physician disciplinary matter. The circuit court affirmed the revocation of appellant's license to practice medicine in South Carolina. We affirm.

Appellant has lived in Pakistan since June 1985. In January 1986, the State Board of Medical Examiners (Board) filed a complaint against appellant alleging incompetent treatment of twenty-four patients between the years 1980 and 1982. The allegations involve neglect, improper medical treatment, and the administration of excessive dosages of narcotics and analgesics.

An evidentiary panel hearing was held December 9, 1987. Appellant was not present. Counsel for appellant moved for a continuance on the ground appellant was ill and could not travel from Pakistan. No supporting evidence was produced and the motion was denied.

The State presented evidence concerning nine of the twenty-four patients referred to in the complaint. After the panel recommended sanctions, a hearing before the Board was scheduled for February 1, 1988. Appellant did not appear on that date. Counsel moved to remand to the panel for an evidentiary hearing. Counsel produced an affidavit from appellant's treating physician indicating appellant had consulted the physician on December 5, 1987, for chest pains and he had

diagnosed appellant as having "acute coronary insufficiency." The affidavit was dated January 7, 1988.

The Board issued an order on February 19, 1988, denying the motion for remand and scheduling a Board hearing for April 27, 1988. The order provided that appellant could: (1) submit affidavits to the Board from expert witnesses regarding appellant's care of the named patients; and (2) make a narrative statement to the Board concerning his position. Appellant moved to reconsider the order as providing inadequate relief and reiterated the request for a remand.

On April 27, the Board met and considered counsel's argument on the motion. Appellant was not present. The Board denied the motion. On May 23, 1988, the Board issued its final order revoking appellant's license to practice medicine in this State. It found the State's evidence demonstrated a pattern of unethical and incompetent medical practice which contributed to the death of some of his patients. On appeal, the circuit court affirmed.

Appellant claims his due process rights were violated because he was not given adequate notice of the charges against him. He contends notice is inadequate because the complaint does not set forth the proper medical treatment that *should* have been rendered.

The complaint sets forth in great detail appellant's medical treatment of each patient and alleges he violated S.C. Code Ann. § 40-47-200(7), (8), and (12) (1986). Subsection (7) defines misconduct as a violation of medical ethics, subsection (8) prohibits unethical or unprofessional conduct, and subsection (12) specifically provides that a lack of professional competence constitutes misconduct for which a physician may be disciplined. In *Toussaint v. State Board of Medical Examiners*, — S.C. —, 400 S.E. (2d) 488 (1991), this Court held subsections (8) and (12) provide sufficient notice that a physician must conform his conduct to those standards of competence acceptable within the medical community of this State. The complaint here clearly puts appellant on notice that the treatment alleged was not acceptable under this standard. We hold appellant was given adequate notice of the charges as required by the Due Process Clause.

■ Appellant next contends that Reg. 81-60, entitled "Principles of Medical Ethics," is void because it was promulgated by the former Board which was found by this Court to be unconstitutionally composed. *See Toussaint v. State Board of Medical Examiners*, 285 S.C. 266, 329 S.E. (2d) 433 (1985). The State, on the other hand, claims the regulations promulgated by the former Board are valid under the *de facto* doctrine.

In *State ex rel. McLeod v. West*, 249 S.C. 243, 153 S.E. (2d) 892 (1967), this Court held that our State Senate could validly perform all its legislative functions until the next general election after it was found unconstitutionally composed under federal law. *See also State ex rel. McLeod v. Court of Probate of Colleton County*, 266 S.C. 279, 223 S.E. (2d) 166 (1975) (official acts of *de facto* judge held valid). We hold this same *de facto* principle applies to the acts of the former Board to render regulations it promulgated valid.

In any event, even if Reg. 81-60 were declared void, the sanction imposed against appellant for violation § 40-47-200 would not be affected. Reg. 81-60 merely sets forth specific ethical principles incorporated in the general prohibitions of § 40-47-200.

■ Appellant claims the Board's refusal to remand the case to the panel for an evidentiary hearing deprived him of the right to effective cross-examination of the witnesses against him.[1]

When the State seeks to revoke a professional license, procedural due process rights must be met. *Greene v. McElroy*, 360 U.S. 474, 79 S. Ct. 1400, 3 L. Ed. (2d) 1377 (1959); *Brown v. South Carolina Board of Education*, 301 S.C. 326, 391 S.E. (2d) 866 (1990). Where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses. *Goldberg v. Kelly*, 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. (2d) 287 (1970); *Brown, supra.*

We agree with appellant that the Board's order allowing him to submit affidavits and give a narrative version of the facts does not satisfy the right to cross-examination of adverse witnesses. The dispositive question is whether appel-

---

[1] Appellant's counsel was present at the panel hearing but declined to cross-examine the State's witnesses.

lant waived this right by failing to appear at the original evidentiary hearing.

One cannot complain of a due process violation if he has recourse to a constitutionally sufficient administrative procedure but merely declines or fails to take advantage of it. *Dusanek v. Hannon*, 677 F. (2d) 538 (7th Cir. 1982). Here, counsel moved at the panel hearing for a continuance without any evidence to support the need for one. Based on the record, we hold there was no abuse of discretion in refusing a continuance and appellant waived his right to cross-examination by failing to appear at the panel hearing.

Finally, appellant complains his due process rights were violated because the Board refused to disclose the identity of the original complainant. The State contends, on the other hand, that this information is "privileged" and need not be disclosed unless the complainant testifies against the accused physician.

We need not address this issue since there is no record of what, if anything, appellant requested, whether it was refused, and if so, why. The first time this subject appears in the record is in the exceptions to the Board's final order; the record provides no factual basis for raising this issue on appeal. Facts set forth in an exception will not be considered on appeal unless supported in the transcript of record. *Greenville Memorial Auditorium v. Martin*, 301 S.C. 242, 391 S.E. (2d) 546 (1990). This issue is not preserved and we decline to consider it.

Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.