503 S.E.2d 490

**SOUTH CAROLINA DEPARTMENT OF LABOR, LICENSING AND REGULATION (State Board of Medical Examiners), Respondent,**

v.

**Sobhi A. GIRGIS, M.D., Appellant.**

No. 2857.

Court of Appeals of South Carolina.

Heard April 9, 1998.

Decided June 23, 1998.

Rehearing Denied Aug. 20, 1998.

David B. Summer, Jr. and Faye A. Flowers, both of Parker, Poe, Adams & Bernstein, Columbia, for appellant.

Richard W. Simmons, II and Sharon A. Dantzler, both of S.C. Labor, Licensing & Regulation, Columbia, for respondent.

HEARN, Judge:

The South Carolina State Board of Medical Examiners brought this disciplinary action against Dr. Sobhi A. Girgis following an investigation by the Attorney General's Office. After a hearing, a Disciplinary Panel of the Board recommended Dr. Girgis be sanctioned. The Board ultimately ordered revocation of Dr. Girgis's license. Upon appeal to the Administrative Law Judge Division, the judgment was reversed and remanded to the Board for further hearing and additional rulings. The Board appealed to the circuit court, which reinstated the order of the Board. We affirm in part, reverse in part, and remand.

## *Facts*

A complaint against Dr. Girgis was filed with the Board. As required by statute, the complaint was assigned to an investigator for preliminary investigation. In 1990, Dr. Girgis was notified that an investigation was being conducted as a result of a complaint made against him. The Attorney General, by letter dated December 21, 1992, outlined charges with regard to thirteen of Dr. Girgis's patients. The two sides met twice to discuss the allegations.

Based on the investigator's report, the Attorney General's Office recommended the Board file a formal complaint. The Board accepted the recommendation and issued a formal complaint in September 1993 as to twenty of Girgis's patients. In response to a motion to make more definite and certain, the

Board supplemented the complaint with a letter dated October 20, 1993. This letter referenced the information provided by the December 1992 letter, and also detailed the Board's case with respect to the seven patients not addressed in the earlier letter.

A three-member disciplinary panel heard the case. Counsel for Girgis made several motions during the hearing raising due process violations. The panel took the motions under advisement for consideration by the Board.

The panel found the evidence "demonstrate[d] a general pattern of substandard medical care in several respects." Specifically, the panel found that Girgis explained patients' physical problems in psychiatric terms and failed to appropriately treat their medical problems. The level of care, the panel noted, caused Girgis to improperly evaluate these problems, resulting at times in the use of contraindicated drugs. Additionally, Girgis's custom of using standardized paragraphs instead of detailed reports in compiling patient records gave the appearance of different patients having identical personal histories and complaints. The panel held this method of record keeping was "patently false and unprofessional." The panel recommended the Board sanction Girgis.

After a final hearing, the Board issued an order largely adopting the panel's report. The Board concluded Girgis violated S.C.Code Ann. §§ 40–47–200(7), (8), (9) and (12) (1986) and 26 S.C.Code Ann. Regs. 81–60(C) (1986), as alleged in the Complaint. As a result, the Board revoked Girgis's license.

Girgis appealed the Board's decision to the Administrative Law Judge Division. The ALJ found that the Board's decision was unsupported by the substantial evidence in the record and had failed to address and dispose of Girgis's motions. The ALJ ordered that the judgment be reversed, Girgis be provided a copy of the initial complaint, and all motions be addressed.

The circuit court reversed, finding substantial evidence to support the Board's decision. With respect to Girgis's motions, the court found they were all implicitly denied by the Board's decision, except his motion for mistrial concerning the prosecutor's remark, which in effect was denied at the time of

the initial hearing. The court reinstated the decision of the Board.

## STANDARD OF REVIEW

The South Carolina Administrative Procedures Act (APA) governs contested proceedings before the Medical Board. *Boggs v. State Bd. of Medical Examiners*, 288 S.C. 144, 341 S.E.2d 635 (1986). The standard for judicial review, after an exhaustion of administrative remedies, is also governed by the APA. S.C.Code Ann. § 1–23–380 (Supp.1997). Pursuant to the APA, this court may reverse or modify an agency decision which is either affected by error of law or clearly erroneous in view of the reliable, probative, and substantial evidence in the record. S.C.Code Ann. § 1–23–380(A)(6) (Supp.1997).

## DISCUSSION

"When the State seeks to revoke a professional license, procedural due process rights must be met." *Zaman v. South Carolina State Bd. of Medical Examiners*, 305 S.C. 281, 284, 408 S.E.2d 213, 215 (1991). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *South Carolina Dep't of Soc. Servs. v. Holden*, 319 S.C. 72, 78, 459 S.E.2d 846, 849 (1995) (quoting *South Carolina Nat'l Bank v. Central Carolina Livestock Mkt., Inc.*, 289 S.C. 309, 345 S.E.2d 485 (1986)). Due process does not mandate any particular form of procedure. *Id.* Certain minimum elements, however, must be present. We listed these in *Huellmantel v. Greenville Hospital System*, 303 S.C. 549, 402 S.E.2d 489 (Ct.App.1991), to include (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses. Furthermore, the Board must apply the "preponderance of the evidence" standard to the evidence presented. *Anonymous v. State Bd. of Medical Examiners*, 329 S.C. 371, 496 S.E.2d 17 (1998).

### I.

Girgis alleges the Board's complaint lacked sufficient detail to give him notice of the charges against him. We disagree.

The complaint charges Girgis with violations of S.C.Code Ann. § 40–47–200(7), (8), (9), and (12) and of Board Regulation No. 81–60(A), (C), (D), (E), (F), (G) and (H). The complaint alleges Girgis's "patient treatment demonstrates a lack of professional competence to practice medicine which renders further practice by him dangerous to the public." The complaint lists twenty patients by name, Medicaid number, and dates of treatment. According to the complaint, "[t]he treatment rendered to these patients by [Girgis] demonstrated, among other things, a lack of professional competence to practice medicine, an improper method of healing which was not based on scientific principle, and treatment without documented legitimate medical justification."

Even before the complaint was issued, however, Girgis received notification of the Board's concerns. By six-page letter of December 21, 1992, the Attorney General's Office set forth in detail the treatment of 13 of the 20 patients. This letter was itself a summary of a meeting with Girgis on September 22, 1992. To further supplement this letter and the complaint, the Board's counsel wrote a four-page letter dated October 20, 1993. This second letter discussed the Board's concerns with the treatment of the remaining seven patients.

Section 1–23–320 of the APA requires that a party in a contested proceeding be provided with notice which includes, *inter alia:*

(1) a statement of the time, place and nature of the hearing;

(2) a statement of the legal authority and jurisdiction under which the hearing is to be held;

(3) a reference to the particular sections of the statutes and rules involved;

(4) a short and plain statement of the matters asserted. If the agency or other party is unable to state the matters in detail at the time the notice is served, *the initial notice may be limited to a statement of the issues involved. Thereafter, upon application, a more definite and detailed statement shall be furnished.*

S.C.Code Ann. § 1–23–320(b) (Supp.1997) (emphasis added).

We hold in the instant case these requirements have been met. *See Ross v. Medical Univ. of South Carolina,* 328 S.C.

51, 492 S.E.2d 62 (1997) (requirements of § 1–23–320(b)(4) met where University gave doctor notice in three separate letters which detailed his alleged misconduct); *McWhirter v. Cherokee County Sch. Dist. No. 1*, 274 S.C. 66, 261 S.E.2d 157 (1979) (holding that two letters setting forth five fairly specific and unambiguous reasons for teacher's dismissal met the requirements of the Due Process Clause).

Girgis argues that the South Carolina Supreme Court's decision in *Zaman v. South Carolina State Board of Medical Examiners*, 305 S.C. 281, 408 S.E.2d 213 (1991), requires the complaint to set forth "in great detail" the nature of the charges. We disagree. In *Zaman*, the appellant argued that the complaint was deficient because it did not set forth the proper medical treatment that should have been rendered. *Id.* at 283, 408 S.E.2d at 214. The Court held that the complaint *in that case* set forth in great detail the appellant's medical treatment of each patient, and thus the Board was not required to set forth what type of treatment should have been rendered. *Id.* The Court did not, however, comment on the degree of specificity required in the complaint. *Id.*

Furthermore, other jurisdictions which have addressed this issue have found due process requirements to be satisfied. *See Arkansas State Medical Bd. v. Leipzig*, 299 Ark. 71, 770 S.W.2d 661 (1989) (exhibits to notice and exchange of letters between attorneys demonstrated physician "was aware of the nature of the testimony that would be presented against him"); *Knight v. Louisiana State Bd. of Medical Examiners*, 211 So.2d 433 (La.Ct.App.1968) (when counsel was advised physician's charges would be confined to the matters for which he had been previously arrested and same counsel was present at hearing where criminal charges were outlined, and counsel was further advised in a phone conversation with a Board member, constitutional requisites of adequate notice were met); *In re Shack*, 177 N.J.Super. 358, 426 A.2d 1031 (1981) (board's letter which revealed to defendants the basis for the charges against them and the statutes allegedly violated, together with a plenary hearing, satisfied due process requirements); *In re Amarnick*, 173 A.D.2d 914, 569 N.Y.S.2d 780 (1991) (statement of charges was specific enough to apprise doctor of the misconduct with which he was charged to enable him to adequately defend himself; therefore, it met statutory

mandates of fair notice). *See also Langlitz v. Board of Registration of Chiropractors,* 396 Mass. 374, 486 N.E.2d 48 (1985) ("Due process does not require that notices of administrative proceedings 'be drafted with the certainty of a criminal pleading,' as long as the notice is sufficient for persons whose rights may be affected to understand the substance and nature of the grounds upon which they are called to answer."); *Galindo v. State,* 535 S.W.2d 923 (Tex.Civ.App.1976) (although better rule would be for complaint to be reduced to writing, no due process violation where lawyer did not receive written notice but record showed "he had been fully apprised of the charges and was fully prepared to testify in his defense").

We therefore affirm the trial judge's finding that Girgis received adequate notice of the charges against him.

## II.

■ Next, Girgis argues the Board erred in refusing to provide him with a copy of the initial complaint. We agree.

South Carolina Code Ann. § 40–47–212 (1986) provides:

*Every communication, whether oral or written, made by or on behalf of any person, firm or corporation to the Board ... whether by way of complaint or testimony, shall be privileged;* and no action or proceeding, civil or criminal, shall lie against any such person, firm or corporation by or on whose behalf such communication shall have been made by reason thereof, except upon proof that such communication was made with malice.

No part of this article shall be construed as prohibiting the respondent or his legal counsel from exercising the respondent's constitutional right of due process under the law, *nor to prohibit the respondent from normal access to the charges and evidence filed against him as a part of due process under the law.*

(emphasis added).

In *Hainer v. American Medical Int'l Inc.,* 320 S.C. 316, 465 S.E.2d 112 (Ct.App.1995), this court held that an identical statute governing actions by the Board of Nursing created a "privilege against liability" which prohibits an action from being brought against a complainant unless the complaint is made with malice. The South Carolina Supreme Court af-

firmed *Hainer* in result, reiterating that the privilege against liability created by section 40–33–936 is a qualified privilege which can be overcome by a showing that the complaint was made with actual malice. *Hainer*, 328 S.C. 128, 492 S.E.2d 103 (1997). Accordingly, the court held, "where a plaintiff demonstrates the defendant acted with common law actual malice, the *privilege* of section 40–33–936 does not apply." *Id.* at 135, 492 S.E.2d at 107 (emphasis added).

The clear holding of this case is that the privilege referred to in the identical statute is a privilege against liability rather than an absolute privilege against disclosure of the name of the complainant. In fact, it would be impossible for a doctor to ever show malice on the part of the complainant if the doctor was prohibited from learning the complainant's identity. Moreover, this interpretation is more logical given the portion of section 40–47–200 which states that the statute should not be construed to deny the doctor access to the charges and evidence filed against him.

We do not mean to suggest that initial complaints against doctors be made public. However, the confidentiality of all proceedings before the Board is protected from disclosure under section 40–47–213 until the Board has taken a final action. S.C.Code Ann. § 40–47–213 (1986).[1]

Accordingly, we reverse the decision of the Board and remand for the Board to provide Dr. Girgis with a copy of the initial complaint.[2]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

GOOLSBY and STILWELL, JJ., concur.

---

1.  Dr. Girgis also argues the decision of the Board should be reversed because the members of the hearing panel were selected by the Board's Executive Director rather than its President or Vice–President as required by S.C.Code Ann. § 40–47–211 (1986) and 26 S.C. Ann. Reg. 81–15 (1976). Though raised by Girgis at all appropriate times below, this issue was never ruled on by either the Board, the Administrative Law Judge, or the Circuit Court Judge. It is therefore not preserved for our review. *Creech v. South Carolina Wildlife & Marine Resources Dep't.*, 328 S.C. 24, 491 S.E.2d 571 (1997).

2.  Dr. Girgis raises several other issues on appeal. Because we reverse on this ground, however, we need not address the remaining issues.