THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Dr. Brenton D. Glisson, M.D., Appellant,
 
 
 
 

v.

 
 
 
 South Carolina Department of Labor, Licensing and Regulation,
 State Board of Medical Examiners, 
 Respondent.
 
 
 
 
 

Appeal From Richland County
John D. McLeod, Administrative Law Judge

Unpublished Opinion No. 2009-UP-513
 Submitted November 2, 2009  Filed
November 5, 2009

AFFIRMED

 
 
 
 J.
 Falkner Wilkes, of Greenville, for Appellant.
 Kenneth
 P. Woodington, Patrick D. Hanks and Marvin Frierson, all of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  In this medical disciplinary proceeding,
 Dr. Brenton D. Glisson asserts the Administrative Law Court (ALC) erred in affirming
 the decision of the State Board of Medical Examiners of the South Carolina
 Department of Labor, Licensing and Regulation to revoke his medical license for
 committing misconduct in violation of Sections 40-47-200(F)(6), (7), and (8) of
 the South Carolina Code and Regulations 81-60(A), (C), and (D) of the Rules and
 Regulations of the Board of Medical Examiners.  We affirm the order of the ALC pursuant
 to Rule 220(b)(2), SCACR, and the following authorities:  S.C. Dep't of
 Labor, Licensing and Regulation v. Girgis, 332 S.C. 162, 167-69, 503 S.E.2d
 490, 492-93 (Ct. App. 1998) (finding adequate notice was provided where the
 complaint set forth a statement of the issues involved); S.C. Code Ann. §
 1-23-320(B)(4) (Supp. 2005) (requiring a more definite and detailed statement
 of the charges upon application by the respondent); S.C. Code Ann. § 1-23-610(B)
 (Supp. 2008) (the court may not substitute its judgment for that of the
 administrative law judge on questions of fact, but may reverse the decision if
 it is clearly erroneous in view of the reliable, probative, and substantial
 evidence); Osman v. S.C. Dep't of Labor, Licensing, and Regulation, 382
 S.C. 244, 250, 676 S.E.2d 672, 676 (2009) (affirming the Board of Medical
 Examiner's decision to impose public reprimand where substantial evidence
 supported the Board's findings that physician violated the rules of ethical
 conduct and that public reprimand was warranted as a sanction); Rule 103(a),
 SCRE, (error may not be predicated upon a ruling which admits or excludes
 evidence unless a substantial right of the party is affected); Conner v.
 City of Forest Acres, 363 S.C. 460, 476, 611 S.E.2d 905, 913 (2005)
 (holding error in the exclusion of evidence was harmless where consideration of
 the wrongly excluded evidence would not have impacted the result of the trial).
AFFIRMED.
WILLIAMS,
 PIEPER, and LOCKEMY, JJ., concur.