THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Rene'
 McMasters, Respondent,
 v.
 H. Wayne Charpia
 and Charpia Residentials, LLC Defendants,
 Of whom H.
 Wayne Charpia is the Appellant.
 
 
 

Appeal From Dorchester County
Roger M. Young, Circuit Court Judge
Unpublished Opinion No. 2011-UP-099
Submitted March 1, 2011  Filed March 14,
 2011
AFFIRMED

 
 
 
 Howard W. Charpia, pro se, of Summerville, for Appellant.
 Frank M. Cisa, of Mount Pleasant, for Respondent.
 
 
 

PER CURIAM: Howard W.
 Charpia, pro se, appeals the denial of his motion for a new trial after
 judgment was entered against him in a 2004 construction defect suit.  Charpia
 argues: (1) the trial court violated Charpia's due process rights; (2) the
 trial court erred in not ruling on Charpia's Rule 60(b) motion; (3) the trial
 court erred in deciding Charpia's 2005 motion without leave from the appellate
 court; (4) the trial court violated a scheduling order; and (5) venue was
 improper.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the trial court violated Charpia's due process rights: S.C. Nat'l
 Bank v. Cent. Carolina Livestock Mkt., Inc., 289 S.C. 309, 313, 345
 S.E.2d 485, 488 (1986) ("The fundamental requirement of due process
 is the opportunity to be heard at a meaningful time and in a meaningful
 manner.  Due process does not mandate any particular form of procedure.  Instead,
 due process is a flexible concept, and the requirements of due process in a
 particular case are dependent upon the importance of the interest involved and
 the circumstances under which the deprivation may occur.") (internal
 citations and quotations omitted.).
2.  As to whether the trial
 court erred in not ruling on Charpia's Rule 60(b) motion: Rule 60(b), SCRCP (stating
 motions made on newly discovered evidence grounds must made within one year
 after the judgment was entered).
3.  As to Charpia's remaining issues:  Harkins v. Greenville Cnty., 340 S.C. 606, 619-620, 533 S.E.2d 886, 893 (2000)
 (stating an issue not ruled upon by the trial judge is not preserved for
 appeal); IOn v. Town of Mount Pleasant, 338 S.C. 406, 422-23, 526
 S.E.2d 716, 725 (2000) (stating parties should raise all necessary issues and
 arguments to trial court and attempt to obtain a ruling); In re Estate of
 Timmerman, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) (noting South
 Carolina courts have adhered to the rule that where an issue has not been ruled
 upon by the trial judge nor raised in a post-trial motion, such issue may not
 be considered on appeal). 
AFFIRMED.       

WILLIAMS, GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.