**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

SCBT, NA, Respondent,

v.

Shelton Hoffman a/k/a Shelton L. Hoffman; South Carolina Department of Revenue; Baird Transport, Inc., Defendants,

Of whom Shelton Hoffman a/k/a Shelton L. Hoffman is the Appellant.

Appellate Case No. 2013-000965

———————————

Appeal From Orangeburg County
James Earle Reeves, Special Referee

———————————

Unpublished Opinion No. 2015-UP-140
Submitted February 1, 2015 – Filed March 18, 2015

———————————

**AFFIRMED**

———————————

Mark Weston Hardee, of The Hardee Law Firm, of Columbia, for Appellant.

Harriet Pollitt Wallace and James K. Cluverius, Jr., both of Rogers Townsend & Thomas, PC, of Greenville, for Respondent.

**PER CURIAM:**  Shelton Hoffman appeals the special referee's judgment of foreclosure and sale, arguing the referee erred when he (1) denied Hoffman due process and (2) ruled in favor of SCBT although SCBT failed to prove a valid existing debt.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether Hoffman was denied due process:  *U.S. Bank Trust Nat'l Ass'n v. Bell*, 385 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009) ("A mortgage foreclosure is an action in equity." (quotation marks omitted)); *id.* ("In an appeal from an action in equity, tried by a judge alone, we may find facts in accordance with our own view of the preponderance of the evidence."); *S.C. Nat. Bank v. Cent. Carolina Livestock Mkt., Inc.*, 289 S.C. 309, 313, 345 S.E.2d 485, 488 (1986) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (internal quotation marks omitted)); *id.* ("Due process does not mandate any particular form of procedure."); *id.* ("Instead, due process is a flexible concept, and the requirements of due process in a particular case are dependent upon the importance of the interest involved and the circumstances under which the deprivation may occur."); *Hill v. Dotts*, 345 S.C. 304, 310, 547 S.E.2d 894, 897 (Ct. App. 2001) ("[A] party has a duty to monitor the progress of his case.  Lack of familiarity with legal proceedings is unacceptable and the court will not hold a layman to any lesser standard than is applied to an attorney." (quotation marks omitted) (alteration by court)).

2.  As to whether SCBT proved a valid existing debt:  *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial [court]."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a Rule 59(e), SCRCP] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.