0503

Dr. Carlton DEESE, Appellant, v. SOUTH CAROLINA
STATE BOARD OF DENTISTRY, Respondent.

(332 S. E. (2d) 539)

Court of Appeals

*J. Allen Lewis, Jr.,* of *Yarborough, Lewis, Weaver & Stewart,* Florence, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Sr. Asst. Atty. Gen. Edwin E. Evans,* Columbia, *for respondent.*

Heard April 23, 1985.

Decided June 18, 1985.

CURETON, Judge:

In a decision affirmed by the circuit court, respondent South Carolina State Board of Dentistry suspended appellant Carlton Deese's license to practice dentistry. Deese contends the court erred in finding that the Board did not abuse its discretion in imposing the sanction. We find no error and affirm.

The Board filed a Formal Accusation against Dr. Deese, owner of the Deese Dental Clinic, alleging that he employed or permitted unlicensed personnel to take impressions of the teeth and mouths of patients, to insert dentures in the mouths of patients and to make adjustments of the dentures of dental patients, in violation of the Dental Practices Act, S. C. Code Ann. Sections 40-15-10 to 40-15-380 (1976 & Supp. 1984).

Deese entered into a Stipulation of Facts in which he admitted the allegations against him and offered facts in mitigation. Following a hearing, the Board suspended Deese's license for five years, stayed at the end of two years on condition he accept a three-year probation period and take and pass the clinical portion of the State Dental Examination as a prerequisite to reinstatement of his license.

Deese appealed the Board's decision, asserting that the sanctions imposed did not reflect the evidence in mitigation and were disproportionate to those imposed in past cases. The circuit court remanded the case to the Board for rehear-

ing in light of Deese's assertions. The Board reaffirmed its decision and again Deese appealed. The circuit court found the Board's sanctions to be within its statutory authority and therefore affirmed the decision.

On appeal to this Court, Deese contends the circuit court erred in three particulars. First, according to Deese, the court failed to adequately review the Board's decision since it determined only that the decision was not "clearly erroneous in view of the substantial evidence," but failed to determine whether the decision was "arbitrary and capricious." Second, Deese claims the sanctions were in fact arbitrary and capricious because they were disproportionate to those imposed on his co-accused colleagues and on other dentists in past cases. Third, Deese argues, the record fails to support the factual bases upon which the Board imposed the sanctions.

Section 1-23-380(g) of the Administrative Procedures Act (S. C. Code Ann. Section 1-23-310 to 1-23-400 (Supp. 1984) governs the standard of judicial review of decisions of the South Carolina State Board of Dentistry. Among other things, the section provides that the court may modify the agency's decision "if substantial rights of the appellant have been prejudiced because the administrative ... decisions are: (5) clearly erroneous in view of the ... substantial evidence ... or (6) arbitrary or capricious or characterized by abuse of discretion. ..."

The record before us reveals that contrary to Deese's assertion, the circuit court did review the Board's decision to determine whether it was arbitrary and capricious. The court's order states, "Petitioner argues that the sanction imposed was arbitrary and capricious.... While this Court may not necessarily agree with the Board's sanctions, it may not substitute its judgment for that of the Board.... Upon review of the sanction, this Court does not find it to be an abuse of discretion on the part of the Board."

In addition, our own review reveals that the Board's decision cannot be characterized as arbitrary or capricious. A decision is arbitrary if it is without a rational basis, is based alone on one's will and not upon any course of reasoning and exercise of judgment, is made at pleasure, without adequate determining principles, or is

governed by no fixed rules or standards. *Hatcher v. South Carolina District Council of Assemblies of God, Inc.*, 267 S. C. 107, 226 S. E. (2d) 253 (1976); *Turbeville v. Morris*, 203 S. C. 287, 26 S. E. (2d) 821 (1943).

The Board was clearly authorized by Section 40-15-200 of the South Carolina Code of Laws of 1976 (Supp. 1984) to revoke or suspend Deese's license, reprimand him, or take any other reasonable action short of license revocation or suspension.[1] Since the sanctions were within those established by law, Deese's contention that they were arbitrary and capricious is without merit.

Deese argues that the disparity between the sanctions imposed on him and those imposed on his co-accused colleagues and other dentists in recent Board decisions reveals the arbitrariness of the Board's decision.[2] It appears settled, however, that the alleged disparate treatment affords no basis for reversal of the Board's sanctions.

> An agency need not exercise its discretion identically in every case. "A penalty that is within the authority of the agency is not rendered invalid in a particular case because it is more severe than sanctions imposed in other cases" and "mere unevenness in the application of the sanction does not render its application in a particular case unwarranted in law." [citation omitted.]

*Villela v. Department of the Air Force*, 727 F. (2d) 1574, 1577 (Fed. Cir. 1984); *Butz v. Glover Livestock Commission Co.*, 411 U. S. 182, 93 S. Ct. 1455, 36 L. Ed. (2d) 142 (1973); *Sartain v. Securities and Exchange Commission*, 601 F. (2d) 1366

---

[1] Section 40-15-200 provides:

> If the board shall be satisfied that the dentist ... is guilty of any offense charged in the formal accusation ... it shall thereupon revoke or suspend the license ... reprimand the dentist ... or take any other reasonable action short of revocation or suspension, such as requiring the person to undertake additional professional training ... psychiatric evaluations, controlled substance restrictions, institutional practice under supervision, and any other actions deemed appropriate by the board....

[2] Of the three other dentists employed in the Deese Dental Clinic and charged with similar violations, one was suspended from practice for thirty days and placed on probation for one year, another was reprimanded and the third received dismissal of the accusation against him.

(9th Cir. 1979); *Barnum v. National Transportation & Safety Board*, 595 F. (2d) 869 (D. C. Cir. 1979).

Finally, Deese contends that the Board's findings of fact upon which the sanctions are based conflict with the stipulations entered into by the parties. For example, Stipulation of Fact V states, "There has been recent improvement in the operation of the clinic ... and the accused is now more closely monitoring the operations of the clinic...." The Board, responding to the stipulation in its order, stated, "[Deese's] present compliance ... which is expected and required of all licensed practitioners, does not erase the extensive violation that occurred during 1980 and 1981." Deese contends the record does not support the Board's finding that extensive violations took place. We disagree.

The Board's findings are in fact based upon the Stipulations of Fact or testimony elicited during the hearing. Stipulations II and III both concede that violations occurred during 1980 and 1981. The Board's characterization of the violations as "extensive" was therefore proper based on the evidence adduced. We find no merit in the contention that the court should have reversed or modified the sanctions because they were not based upon facts appearing in the record.

We have reviewed the errors alleged and find the allegations to be without merit. For the reasons given herein, the judgment of the circuit court affirming the decision of The South Carolina State Board of Dentistry is

Affirmed.

GARDNER and BELL JJ., concur.