0589

BARKER INDUSTRIES, INC., Ora, South Carolina, Appellant, v. SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Respondent.

(339 S. E. (2d) 136)

Court of Appeals

*Amos C. Dawson, III*, Greenville, *for appellant.*

*Staff Counsel John Harleston* and *General Counsel Walton J. McLeod, III* of *South Carolina Department of Health and Environmental Control*, Columbia, *for respondent.*

Heard Oct. 17, 1985.

Decided Dec. 3, 1985.

SHAW, Judge:

Barker Industries, Inc. appeals from a circuit court order affirming a decision by the Board of respondent South Carolina Department of Health and Environmental Control (DHEC) revoking Barker's permit to operate a waste disposal system. We affirm.

In reviewing decisions of an administrative agency, "the court shall not substitute its judgment ... as to the weight of the evidence on questions of fact." The court can either "affirm the decision of the agency or ... reverse ... if substantial rights of the appellant have been prejudiced because the administrative findings [are, among other things,] clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." S. C. Code Ann. § 1-23-380(g)(5), (6) (Supp. 1984).

Barker owns and operates a waste disposal system designed to treat and dispose of wastes from the company's chemical manufacturing processes. In 1976, DHEC discovered Barker had discharged chemical wastes directly into the environment in violation of the Pollution Control Act, § 48-1-90 (1976). No formal action was taken against Barker. In 1978, after discovering another unlawful discharge of wastes into the environment, DHEC ordered Barker to construct an adequate waste disposal system. In 1979, DHEC discovered the unlawful discharge of wastes was continuing and construction requirements had not been met. Barker was fined $2,000.00 and ordered to complete construction. The system was completed in 1979 and Barker received an operating permit.

However, DHEC learned in 1980 Barker was bypassing the system and again, unlawfully discharging wastes into the environment. Barker's president, Flavius Settin, was criminally convicted and received a $5,000.00 fine and three (3) years probation. Settin was convicted again in 1981 for yet another illegal discharge of wastes into the environment.

He received a $7,500.00 fine and thirty (30) days in jail. These discharges of chemical wastes were into a tributary to the surface water supply for the Town of Clinton, South Carolina.

On March 8, 1982, DHEC issued an Order to Show Cause to Barker, requiring the company to show cause why its permit to operate a waste disposal system should not be revoked. On March 18, Flavius Settin transferred ownership of Barker to his wife, Virginia. A hearing on the Order to Show Cause was held in May of 1982. The Hearing Officer recommended the permit not be revoked, but Barker be fined and placed on probation. Both DHEC and Barker appealed to the DHEC Board. The Board found the transfer of ownership from Flavius to his wife, subsequent to the initiation of proceedings by DHEC, was insufficient to convince the Board not to revoke the permit. The Board ordered the permit revoked and the circuit court affirmed.

Barker appeals claiming error because the Board's findings are clearly erroneous in view of the substantial evidence on the whole record. Barker also alleges the Board's findings are arbitrary, capricious, and a "clearly unwarranted exercise of discretion." Barker argues the change in management was not given due consideration.

Section 48-1-50(5) (1976) gives DHEC the authority to "issue, deny, revoke, suspend, or modify permits, under such conditions as it may prescribe for the discharge of sewage ... or other waste ... or for the installation or operation of disposal systems. ..." A change in management with a promise of prospective compliance does not prohibit DHEC from exercising its discretion to revoke a permit under § 48-1-50 (1976). This court recently upheld an administrative finding that present compliance with the law does not erase extensive violations of the past. *Deese v. South Carolina State Board of Dentistry*, 286 S. C. 182, 332 S. E. (2d) 539 (Ct. App. 1985).

Barker's actions leading up to these proceedings provide more than substantial evidence supporting the Board's revocation of Barker's permit. However, Barker's past actions are not the sole basis for the Board's decision. At the hearing, the Board found Barker was presently, under the new management, operating without a certified waste treatment

plant operator in violation of § 48-1-110(c) (Supp. 1984). Barker was also storing hazardous wastes without a permit from DHEC in violation of § 44-56-60(a) (Supp. 1984).

When the state issues a permit for an activity such as waste disposal, it places the public trust with the permit holder. Barker has repeatedly shown utter contempt for this trust. We find DHEC acted properly in revoking Barker's permit.

Affirmed.

GARDNER, J., and LITTLEJOHN, Acting J., concur.