676 S.E.2d 672

Hibah O. OSMAN, M.D., Respondent/Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF LABOR, Licensing, and Regulation, South Carolina State Board of Medical Examiners, Appellant/Respondent.

No. 26641.

Supreme Court of South Carolina.

Heard Jan. 6, 2009.
Decided April 27, 2009.

Kenneth P. Woodington, of Davidson & Lindemann, and Lynne W. Rogers, of South Carolina Department of Labor, Licensing, and Regulation, both of Columbia, for Appellant–Respondent.

F. Barron Grier, III, and Lauri Soles Darwin, both of Grier Law Firm, of West Columbia, for Respondent–Appellant.

Justice KITTREDGE:

In this medical disciplinary proceeding, the State Board of Medical Examiners of the South Carolina Department of Labor, Licensing, and Regulation (the Board) issued an order finding Dr. Hibah O. Osman's conduct in performing a surgical procedure warranted the issuance of a public reprimand, the imposition of costs, and the proviso that Dr. Osman must meet certain requirements to reestablish her competency if she ever returned to the practice of surgical obstetrics in South Carolina. On appeal, the Administrative Law Court (ALC) upheld the public reprimand and costs but struck the competen-

cy requirement holding the requirement was an "anticipatory suspension." The Board and Dr. Osman filed cross-appeals. We affirm in part and reverse in part.

## I.

Dr. Osman is a physician licensed by the State Board of Medical Examiners to practice family medicine in South Carolina. In July 2002, she was practicing in Allendale, South Carolina. One of Dr. Osman's patients was expecting her third child. The thirty-nine year old patient and her husband wanted the child to be born in Allendale, apparently to minimize the inconvenience and disruption to the husband's motel business during a busy holiday season. Dr. Osman acquiesced in this request, although the patient suffered from placenta previa, which is an anterior, low-lying placenta possibly covering a portion of the opening to the womb.

Dr. Osman began the Caesarean section (hereinafter C–Section). Epidural anesthesia was attempted multiple times without success. Therefore, general anesthesia was administered. Unbeknownst to Dr. Osman, the Certified Registered Nurse Anesthetist (CRNA) was unable to intubate the patient. During the surgery, the placenta bled heavily and hampered Dr. Osman's ability to deliver the baby. This difficulty caused Dr. Osman to lengthen her incision multiple times. The baby was successfully delivered, but one of the lengthening incisions injured the patient's uterine artery. This injury was not detected by Dr. Osman during the surgery. The damage to the artery and the placenta abnormality led to significant bleeding and declining vital signs.

As the patient's vital signs deteriorated, Dr. Osman instructed staff to contact Dr. Ross, a local surgeon. Dr. Ross, however, was away on a planned vacation. Dr. Osman failed to ensure the availability of a surgeon in case of complications. Due to the deteriorating circumstances, Dr. Osman contacted Dr. Johnson at MUSC. The patient was transferred to MUSC by helicopter. At MUSC, Dr. Johnson conducted an ultrasound and immediately began operating on the patient. While operating, significant bleeding was observed. A total abdominal hysterectomy was performed. The patient remained at the hospital for seven days following surgery and was dis-

charged. Despite the positive results, all parties agree, the patient was very close to death.

This disciplinary action followed when the Board filed a formal complaint against Dr. Osman alleging approximately thirteen deviations from the standard of care. Dr. Osman filed a *pro se* response admitting to three instances of misconduct alleged in the complaint: inappropriately performing the surgery in a community county hospital with limited resources, failing to ensure surgical backup, and failing to obtain proper written consent.

Both the Disciplinary Panel for the Board and Board found misconduct as to those matters conceded by Dr. Osman. In its report, the panel recommended no sanction be issued. However, the Board elected to publically reprimand Dr. Osman, require Dr. Osman to pay the assessed costs associated with adjudicating the case, and restrict Dr. Osman from the practice of surgical obstetrics until Dr. Osman proves she has the appropriate education and training. Dr. Osman returned to her native Lebanon.

On appeal, the ALC affirmed the public reprimand and imposition of costs. The ALC, however, deleted the provision requiring Dr. Osman to establish competency in surgical obstetrics on the basis that "an anticipatory suspension is a sanction that the Board does not have the authority to impose." The Board and Dr. Osman filed cross appeals challenging the ALC's order. These appeals are before us pursuant to Rule 204(b) certification.

## II.

### *The Board's Appeal*

The Board argues the ALC erred in striking the reestablishment of competency condition. We agree.

Section 40–1–120(A)(3) of the South Carolina Code (2001) authorizes the Board to "place a licensee on probation or restrict or suspend the individual's license for a definite or indefinite time and prescribe conditions to be met during probation, restriction, or suspension including, but not limited to, satisfactory completion of additional education, of a supervisory period, or of continuing education programs." The

Board's order contained the following competency reestablish-ment clause:

> If [Dr. Osman] should ever return to active practice in the State of South Carolina, [Dr. Osman] shall be restricted from the practice of surgical obstetrics until such time as [Dr. Osman] provides proof that is satisfactory to the Board that she has appropriate education and training in this area.

■ This sanction fits squarely within the parameters of the Board's statutory authority. Therefore, the ALC erred when it struck the reestablishment provision after improperly finding the Board did not have the authority to levy this sanction. We note, however, were Dr. Osman to provide the Board with proof of her competence, the decision to find this proof to be satisfactory should be made objectively and reasonably. Approval cannot be unreasonably withheld.

As the Board did not exceed its statutory authority in imposing this sanction, we reverse the ALC on this issue and reinstate the competency reestablishment provision.[1]

### III.

#### Dr. Osman's Appeal

■ In her cross-appeal, Dr. Osman argues the ALC erred in imposing a public reprimand and responsibility for the costs of the proceedings because her actions did not violate the rules of ethical conduct and there is no substantial evidence in the record to support these sanctions. We disagree as there is substantial evidence to support the Board's findings.

■ A party aggrieved by the decision of the Board may appeal to the ALC. S.C.Code Ann. § 40–1–160 (2001). The review is governed by section 1–23–380 of the Administrative Procedures Act (APA). *South Carolina Dep't of Labor, Licensing & Regulation v. Girgis*, 332 S.C. 162, 166, 503 S.E.2d

---

1. The Board also disputed whether Dr. Osman initially appealed the imposition of the competency provision to the ALC. The Board therefore argued the ALC improperly struck the provision *sua sponte*. Dr. Osman seized upon this allegation and countered that if the competency provision were not part of her appeal from the Board, then the Board failed to preserve this issue in a motion for reconsideration. Upon careful review and a fair reading of the record, we hold this issue was properly preserved for our review.

490, 491–92 (Ct.App.1998). Under the APA, the reviewing court may not substitute its judgment for that of the agency on questions of fact, but may reverse the agency's decision if the decision is clearly erroneous in view of the substantial evidence. S.C.Code Ann. § 1–23–380(5) (Supp.2008).

Here, Dr. Osman, in a letter to the Board, agreed with three of the Board's allegations: use of a hospital with inadequate resources, failure to ensure proper surgical backup, and failure to provide written informed consent. Specifically, Dr. Osman agreed, "it was inappropriate . . . to perform a primary C–Section in a community county hospital setting without adequate resources immediately available, i.e.: blood products and surgical backup." Additionally, Dr. Osman agreed that she "failed to have surgery stand-by at the bedside in the event that hysterectomy became necessary. When Dr. Ross was called by [Dr. Osman] . . . it was learned that Dr. Ross was away on vacation and not available. Therefore, Dr. Osman essentially had no surgical backup in the event that a hysterectomy became necessary." Lastly, Dr. Osman agreed she "deviated from the appropriate standard of care by failing to provide written informed consent to [a] patient . . . as to the possible complications and difficulties which can occur with C–Section in a patient with placenta previa."

Although Dr. Osman disputed the many other allegations made by the Board in the complaint, Dr. Osman's three concessions constitute substantial evidence in support of the Board's actions. Further, the Disciplinary Panel for the Board and the Board both limited the finding of misconduct to the three admitted deviations from the standard of care.

When reviewing the Board's opinion, the ALC observed: "The Board's public reprimand of [Dr. Osman] for her lack of good judgment is well within its sanctioning authority under Section 40–47–200,[2] and [Dr. Osman] has not demonstrated that, in exercising that authority, the Board acted arbitrarily or discriminatorily." The ALC concluded that Dr. Osman

2. The ALC cited section 40–47–200 of the South Carolina Code (Supp. 2005). This section has been amended and a similar provision that allows the Board to order additional training is now found at S.C.Code Ann. § 40–47–120(A) (Supp.2008).

"ha[d] not established any sufficient grounds upon which to disturb the sanction imposed by the Board."

We agree with the conclusion of the ALC that substantial evidence supports the Board's decision. While we recognize Dr. Osman's overall competence and her understandable desire to avoid the public reprimand, the sanction imposed by the Board is well within the Board's statutory authority. Because Dr. Osman has shown no basis for overturning the Board's decision, we affirm this issue.

### IV.

We affirm the ALC's holding that substantial evidence supports the public reprimand and costs. We reverse the ALC's striking of the reestablishment of competency provision, and we reinstate the provision. The judgment of the ALC is

**AFFIRMED IN PART; REVERSED IN PART.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.