**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Russell Charles Hurst, D.M.D., Appellant,

v.

South Carolina Department of Labor, Licensing, and Regulation, South Carolina Board of Dentistry, Respondent.

Appellate Case No. 2011-199506

Appeal From the Administrative Law Court
Deborah Brooks Durden, Administrative Law Court Judge

Unpublished Opinion No. 2012-UP-502
Submitted August 1, 2012 – Filed September 5, 2012

**AFFIRMED**

Aaron J. Kozloski, of Capitol Counsel, LLC, of Lexington, for Appellant.

Patrick Donell Hanks, of the South Carolina Department of Labor, Licensing, and Regulation, of Columbia, for Respondent.

**PER CURIAM:**  Russell Charles Hurst appeals the Administrative Law Court's (ALC) order affirming a decision by the South Carolina Board of Dentistry (the Board) that denied Hurst's petition to terminate the probationary conditions placed on his dental license.  Hurst argues the ALC erred in finding (1) substantial evidence supported the Board's decision and (2) the Board's decision was not arbitrary.  We affirm.[1]

"Misconduct which constitutes grounds for revocation, suspension, probation, reprimand, or other restriction of a [dentistry] license or certificate . . . occurs when the holder of a license or certificate: . . . (2) has been convicted of a felony . . . ."  S.C. Code Ann. § 40-15-190(A) (2011).  "If the [B]oard is satisfied that the dentist . . . is guilty of an offense charged in the formal accusation provided for in this chapter, it may revoke or suspend the license . . . , reprimand the dentist, . . . or take other reasonable action short of revocation or suspension . . . ."  S.C. Code Ann. § 40-15-200 (2011).

We hold the ALC did not err in finding the record contains substantial evidence to support the Board's decision to deny Hurst's petition to terminate the probationary conditions placed on his dental license.  "In determining whether the [ALC's] decision was supported by substantial evidence, this [c]ourt need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion that the [ALC] reached."  *Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 9-10, 698 S.E.2d 612, 617 (2010).  "The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence."  *Id.* at 10, 698 S.E.2d at 617 (internal quotation marks and citation omitted).  At the hearing before the Board, Hurst admitted to having pled guilty to committing a lewd act upon a child under sixteen.  Because committing a lewd act upon a child under sixteen is a felony, the Board had discretion to place and keep the conditions on Hurst's license pursuant to section 40-15-200.  *See* S.C. Code Ann. § 16-15-140 (2003) (providing a person who is guilty of committing or attempting to commit a lewd act upon a child under sixteen is guilty of a felony).  Additionally, nothing in the order out of which this appeal arises or any other order the Board issued indicates Hurst's conditions would be removed after compliance for a specified time period.  Accordingly, the record contains substantial evidence to support the Board's decision.

We hold the ALC correctly found the Board's decision was not arbitrary.  "A decision is arbitrary if it is without a rational basis, is based alone on one's will and

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

not upon any course of reasoning and exercise of judgment, is made at pleasure, without adequate determining principles, or is governed by no fixed rules or standards." *Deese v. S.C. State Bd. of Dentistry*, 286 S.C. 182, 184-85, 332 S.E.2d 539, 541 (Ct. App. 1985).  Here, the Board had discretion to take any "reasonable action short of revocation or suspension" pursuant to section 40-15-200 because Hurst pled guilty to committing a lewd act upon a child under sixteen, a felony. Because refusing to terminate Hurst's probationary conditions was such an action, the ALC correctly found the Board did not act arbitrarily.

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**