**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John D. Cottingham, DVM, Appellant,

v.

South Carolina Department of Labor, Licensing and Regulation, South Carolina Board of Veterinary Medical Examiners, Respondent.

Appellate Case No. 2011-192826

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2013-UP-027
Heard December 11, 2012 – Filed January 16, 2013

**AFFIRMED**

Brian S. Wade, of Murrells Inlet, for Appellant.

Patrick D. Hanks, of Columbia, for Respondent.

**PER CURIAM:** Cottingham practiced veterinary medicine at the Village Veterinary Clinic in Myrtle Beach, South Carolina. Between March 31, 1997, and December 31, 2000, Cottingham failed to remit $66,887 in payroll taxes to the Internal Revenue Service. A federal grand jury later indicted Cottingham for attempting to evade income tax assessment and for failing to collect, account for,

and pay over such taxes.  In response, Cottingham pled guilty to both felony charges and the federal district court accepted his plea.

Subsequently, the Board of Veterinary Medical Examiners (Board) initiated disciplinary action against Cottingham, alleging he used a false document in the practice of veterinary medicine, obtained fees under false or deceptive circumstances, engaged in unprofessional conduct, and pled guilty to a felony or crime of moral turpitude, all in violation of the laws and regulations governing veterinary medicine practice.  Prior to any determination of this disciplinary action, the Board received a complaint that Cottingham provided substandard veterinary medical care to a diabetic feline.  The Board then amended the disciplinary action to include, in addition to all prior allegations, charges that Cottingham's related treatment and records did not meet the appropriate standard of care.

Opting to not contest the allegations, Cottingham waived formal hearing procedures and entered into a Memorandum of Agreement and Stipulations (MOA) with the Board.  Therein, Cottingham stipulated, *inter alia*: to pleading guilty to a felony; to not meeting the appropriate standard of care for treatment of the diabetic feline; and to not maintaining adequate medical records.  Cottingham also acknowledged these acts constituted grounds for sanction.

Relying upon the conduct admitted within the MOA, the Board concluded Cottingham violated section 40-69-110(A)(6), (7), (11), (12), and (24) of the South Carolina Code (Supp. 2007) and 27 S.C. Code Ann. Regs. 120-8 (2007).  While the Board's Final Order required imposition of a public reprimand, an indefinite suspension of Cottingham's veterinary license, and a $638 fine, it also expressly permitted him to petition for reinstatement after:  (1) satisfactorily completing thirty hours of continuing education, including classes on feline diabetes and medical record keeping; (2) submitting a written report on how this education would have changed his care of the diabetic feline; (3) making his clinical records subject to inspection; and (4) submitting an updated mental health evaluation.

Cottingham timely appealed the Final Order to the Administrative Law Court (ALC), arguing:  (1) the record does not support the Board's conclusions; (2) the Board exceeded its authority in considering his felony convictions and in imposing sanctions; and (3) the imposed sanctions are arbitrary and capricious.

First, the ALC found that Cottingham did not preserve his evidentiary argument for appeal because he did not challenge the evidence before the Board.  Second, the ALC found Cottingham's argument that the imposed sanctions exceeded the

Board's statutory authority amounted to a subject matter jurisdiction challenge, which could, however, be raised initially on appeal. Nonetheless, the ALC concluded that the Board did not exceed its jurisdiction in considering Cottingham's felony conviction or in requiring the continuing education, a related written report, and an updated mental health evaluation. Finally, the ALC found the imposed sanctions were not arbitrary and capricious.

Cottingham now argues the ALC erred in affirming: (1) the Board's consideration of Cottingham's convictions for tax evasion; and (2) all imposed sanctions.

## A. The Board's Authority to Consider Tax Evasion Convictions

As to Cottingham's first argument, the Board may discipline licensees upon determining "that *one or more* grounds for discipline" exist. S.C. Code Ann. § 40-69-120 (Supp. 2007) (emphasis added). Notably, "convict[ion] of a felony *or* a crime involving moral turpitude" is an individually enumerated ground to "suspend, revoke, or restrict" a veterinarian's license. § 40-69-110(A)(24) (emphasis added). A person convicted of tax evasion is a felon. *See* I.R.C. §§ 7201-7202 (2007) (specifying the crime of federal tax evasion); 18 U.S.C. § 3559 (2006) (classifying federal tax evasion as a Class D felony). Because tax evasion requires intent to deceive the United States and to avoid a societal duty, it is a crime of moral turpitude. *See State v. Major*, 301 S.C. 181, 184, 391 S.E.2d 235, 237 (1990) (holding crimes of moral turpitude involve breaches of societal duties and not solely self-destructive behavior); *Gantt v. Columbia Coca-Cola Bottling Co.*, 204 S.C. 374, 380, 29 S.E.2d 488, 490 (1944) (holding one's engagement in business with intent to defraud the United States of tax money implicates moral delinquency); *see also* I.R.C. §§ 7201-7202 (requiring an intent to willfully evade a societal duty and defraud the United States). Therefore, Cottingham's convictions are both felonious and for crimes of moral turpitude. In turn, both convictions have two independent statutory grounds for consideration by the Board.

While Cottingham argues section 40-1-140 of the South Carolina Code (Supp. 2007) precludes sanction for felonies unrelated to the practice of veterinary medicine, this provision does not so constrain the Board's authority with regard to sanctions against existing licensees; section 40-1-140 only applies to applicants for initial licensure. *See* § 40-1-140 (limiting the Board's consideration to felony convictions related to the practice of veterinary medicine only when determining the fitness of "applicants" for initial licensure, without limiting the Board's separate statutory authority to consider both related and unrelated felony convictions when sanctioning an existing licensee); § 40-69-110(A)(24) (authorizing the Board to

sanction an existing licensee for any "convict[ion] of a felony *or* a crime involving moral turpitude") (emphasis added). To interpret section 40-1-140 as applicable to existing licensees would directly contradict clear and unambiguous statutory intent. *See Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 468, 606 S.E.2d 598, 616 (2006) (concluding that clear and unambiguous statutory intent must prevail). Furthermore, even if section 40-1-140 did apply to existing licensees, which it does not, Cottingham's convictions did directly relate to his unlawful practices at the veterinary clinic and did implicate moral turpitude. Therefore, regardless of the provision's scope, it has no bearing on whether the Board properly sanctioned Cottingham. Thus, the Board had authority to consider Cottingham's tax evasion convictions in determining sanctions.

## B.   Lawfulness of Imposed Sanctions

Cottingham argues the ALC erred in affirming all sanctions imposed by the Board because the sanctions: (1) lack substantial evidence; and (2) exceed the Board's authority and are extreme. Both contentions are without merit.

As to the first, because Cottingham did not challenge the sufficiency of the evidence before the Board, the issue is unpreserved. *Widewater Square Assoc. v. Opening Break of America, Inc.*, 314 S.C. 149, 151, 442 S.E.2d 185, 186 (Ct. App. 1994), *aff'd as modified on other grounds*, 319 S.C. 243, 460 S.E.2d 396 (1995). Thus, Cottingham cannot now argue the sanctions lack sufficient evidence.

Even if we were to address the argument, we simply note that Cottingham specifically stipulated within the MOA to engaging in the conduct upon which the sanctions are based, and that such conduct "presents grounds that constitute misconduct." These stipulations provide more than substantial support for a reasonable mind to arrive at the Board's conclusion. *Deese v. S.C. State Bd. of Dentistry*, 286 S.C. 182, 186, 332 S.E.2d 539, 542 (Ct. App. 1985); *see Osman v. S.C. Dep't of Labor, Licensing, Regulation*, 382 S.C. 244, 249-50, 676 S.E.2d 672, 675-76 (2009) (upholding sanctions based upon a board's consideration of admitted conduct); *Gale v. State Bd. of Med. Exam'rs*, 282 S.C. 474, 478-79, 320 S.E.2d 35, 38 (Ct. App. 1984) (reviewing a license revocation for substantial evidence).

Next, Cottingham argues the Board exceeded its authority in imposing sanctions. While it appears the ALC conflated the concepts of subject matter jurisdiction with the scope of the Board's statutory authority, and thus believed the argument was still reviewable, Cottingham actually attacked only the Board's statutory authority. *See* S.C. Code Ann. § 40-69-115 (2007) (conveying subject matter jurisdiction to hear actions involving licensees and former licensees arising during the practice

authorization period); *Theisen v. Theisen*, 394 S.C. 434, 440-41, 716 S.E.2d 271, 274 (2011) (stating subject matter jurisdiction is the power to hear cases of the general class to which the proceedings belong, while "jurisdiction" and "authority" concern the limits of what a tribunal may properly consider or order regarding a case within the tribunal's general class); *see also In re November 4, 2008 Bluffton Town Council Election*, 385 S.C. 632, 637, 686 S.E.2d 683, 685-86 (2009) (holding *subject matter jurisdiction* can be raised for the first time on appeal). Because Cottingham did not raise this argument before the Board, it is also unpreserved.

Notwithstanding the argument's unpreserved nature, the Board unquestionably did not exceed its statutory jurisdiction, violate statutory provisions, or abuse its discretion. Because the Board found at least a single statutorily defined ground for discipline exists, the Board had authority to impose sanctions against Cottingham's veterinary medicine license. S.C. Code Ann. § 40-1-110; § 40-69-120; *cf. Gale*, 282 S.C. at 479, 320 S.E.2d at 38 (holding the law confers discretion to the medical board to appropriately sanction for any statutorily defined cause). In turn, all imposed sanctions are statutorily authorized. S.C. Code Ann. § 40-1-120(A)(3) (stating the available sanctions include, among others, license revocation, probation, restriction, and suspension); *id.* (authorizing the Board to "prescribe conditions . . . including, but not limited to, satisfactory completion of . . . continuing education programs"); *cf. Osman*, 382 S.C. at 247-48, 676 S.E2d at 674-75 (ruling a medical board can require continuing education and reasonable satisfactory proof thereof).

Finally, none of the imposed sanctions are unwarranted, excessive, or otherwise result from an abuse of the Board's discretion because the sanctions are supported by the evidence and are well within the scope of the Board's conferred discretion. *See Deese*, 286 S.C. at 184-85, 332 S.E.2d at 541 ("A decision is arbitrary if it is without a rational basis, is based alone on one's will and not upon any course of reasoning and exercise of judgment, is made at pleasure, without adequate determining principles, or is governed by no fixed rules or standards."); *id.* at 185, 332 S.E.2d at 541 (stating it appears settled that an agency need not exercise its discretion identically in every case and that a penalty within statutory authority is not unwarranted simply because it is more severe than sanctions imposed in other cases); *cf. Osman*, 382 S.C. at 249-50, 676 S.E.2d. at 676 (upholding imposed sanctions within the medical board's statutory authority, despite presence of mitigating circumstances); *Gale*, 282 S.C. at 480-81, 320 S.E.2d at 38-39 (holding the law confers discretion to the medical board to affix, in its judgment, an appropriate penalty for any statutorily defined cause); *id.* at 479, 320 S.E.2d at 38

(stating the code does not obligate the medical board to impose certain sanctions for certain violations).

**AFFIRMED.**

**FEW, C.J. and HUFF and GEATHERS, JJ., concur.**