746 S.E.2d 491

Edward TRIMMIER, DMD, Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF LABOR,
LICENSING AND REGULATION, State
Board of Dentistry, Respondent.

Appellate Case No.2012–212267.

No. 5154.

Court of Appeals of South Carolina.

Heard April 11, 2013.
Decided July 3, 2013.
Rehearing Denied Aug. 27, 2013.

Paul Dezso de Holczer, deHolczer Law PC, of Columbia, for Appellant.

Sheridon Hunter Spoon, South Carolina Department of Labor, Licensing and Registration, of Columbia, for Respondent.

KONDUROS, J.

Edward P. Trimmier appeals the order of the Administrative Law Court (ALC) affirming the South Carolina State Board of Dentistry's (the Board's) order granting his request for relicensure conditioned upon his provision of written evidence regarding the status of his Georgia license. We affirm.

## FACTS/PROCEDURAL HISTORY

Trimmier has been licensed in Georgia, New York,[1] and South Carolina during his career as a dentist. He has been the subject of disciplinary action in South Carolina and New York arising out of his conviction in 2002 for filing false claims with the South Carolina Medicaid program.[2] The Board and Trimmier entered into a disciplinary consent agreement dated December 7, 2002. Trimmier's license was suspended for six years, which was stayed to probation provided he paid a civil penalty of $25,000 and completed eight hours of Board-approved ethical training and education. Trimmier complied with the consent agreement but discontinued practicing in South Carolina and moved to Georgia.

In 2003, the Georgia Board of Dentistry (the Georgia Board) suspended Trimmier's license for six years with it being actively suspended for the first ninety days, and the remainder of the time he would be on probation. This sanction was the result of a consent agreement with the Georgia Board[3] after it discovered Trimmier submitted an application for a sedation permit that falsely indicated he had never been convicted of a crime. The Georgia Board issued a probationary sedation permit when it had no knowledge of these misleading responses.

---

1. The status of Trimmier's New York license is not at issue in this appeal.

2. Trimmier was also reprimanded for publishing a misleading advertisement suggesting he was a specialist in pediatric dentistry and failing to properly supervise auxiliary personnel.

3. The 2003 Georgia Consent Order also required Trimmier to complete sixteen hours of coursework in professional ethics, twelve hours of coursework in risk management, and the course on Law, Ethics, and Professionalism at the Medical College of Georgia. Additionally, he was fined $20,000.

In 2004, the Georgia Board again reprimanded Trimmier for performing a procedure on a patient while sedated after the probationary sedation permit he had received lapsed. Although there were no accusations of patient endangerment, the Georgia Board revoked his license. Trimmier appealed the revocation and won. The circuit court ordered the Georgia Board to dispense less severe sanctions. Therefore, beginning October 2009, Trimmier was on indefinite suspension but could go before the Georgia Board for reinstatement after two years. Instead of waiting the two years and reapplying, or simply doing nothing, Trimmier voluntarily surrendered his Georgia license in April 2010.

Trimmier moved to South Carolina and decided to practice here. He petitioned to have his South Carolina license reinstated.[4] His greater than six-year absence from practice in South Carolina meant his license here was inactive and he had to seek relicensure. At that hearing, conducted in July 2010, the Board inquired into the status of Trimmier's Georgia and New York licenses.

Q. You voluntarily surrendered your license in Georgia?

A. That's correct.

Q. Let me ask you, what was the status of your license in Georgia prior to that surrender?

A. That was the suspension pending—which I could've appealed. But you know, rather than keep going on and rehashing the same thing, I just said, you know, forgiveness is better.

Q. Are you saying that your license—

A. Put that to bed.

Q. —are you saying that your license was suspended just—when you surrendered it?

A. Yes

Because the Board had concerns about the facts underlying Trimmier's apparently ongoing issues with the Georgia Board, the Board members requested transcripts and information regarding those proceedings. The record is unclear if Trimmier provided any additional information, but the Board issued an order later that month granting his South Carolina

---

4. Trimmier was pardoned for his misdemeanor convictions in 2007.

license upon the condition that he "provide documentary evidence satisfactory to the Board that his license and/or certificates from Georgia, New York [,] and any other states of licensure are in good standing, whether active or inactive."[5]

Trimmier subsequently filed a motion for the Board to reconsider its order and another hearing was held. The issue of the Georgia license was again a subject of much discussion.

Q. So you would submit that your license—I just want to be clear. I know this is probably asking the same question over. You submit that your license to practice in Georgia is in good standing but inactive?

A. Yes

Trimmier's attorney tried to clarify the issue.

Q. In other words, there were no charges against him in Georgia when he took this inactive status?

A. [Attorney] When he took the status in Georgia I believe everything had been resolved in front of the court. He had taken an appeal at some point. It had been resolved to the extent that he was now back at square one to reapply in Georgia and rather than go through all the rigmarole and effort and expenditure, he just said I'm done with Georgia.

A. [Trimmier] See you later[.] Says I owe no fees[.] I'm fine. Everything's good with them.

Again, the Board granted Trimmier's license conditional upon proof of "written evidence to the Board which is satisfactory, in the Board's discretion, that shows his Georgia license either was in good standing at the time of his voluntary surrender and/or that there were no disciplinary or other impediments, pending or otherwise, against his license at that time." Trimmier appealed this order to the ALC, which affirmed the Board's order. This appeal followed.

## STANDARD OF REVIEW

The review of decisions from the ALC is governed by section 1–23–380(5) of the South Carolina Code (Supp.2012), which states:

---

5. Trimmier provided a letter from New York, which the Board found satisfactory, that indicated he completed the period of probation he was on in that state and his filed was closed.

The court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

## LAW/ANALYSIS

### I. Violation of Section 40–1–110(1)

■ Trimmier argues the Board exceeded its statutory authority by conditioning his relicensure upon action by the Georgia Board and because such a requirement was not a part of the 2002 consent agreement. We disagree.

Section 40–1–110 of the South Carolina Code (2011) states: "In addition to other grounds contained in this article and the respective board's chapter: (1) A board may cancel, fine, suspend, revoke, or restrict the authorization to practice . . . ." Because Trimmier elected to let his license lapse in South Carolina, his application for licensure in 2010 was not a continuation of the 2002 proceedings but a new request to be licensed in the State. Consequently, the authority granted to the Board under section 40–1–110(1), which relates to disciplinary action by the Board, is irrelevant to this appeal and cannot serve as a basis for reversing the ALC's decision.

### II. Unlawful Procedure

■ Trimmier also argues the Board's decision was made upon unlawful procedure because it delegated the Board's decision making authority to Georgia. We disagree.

Section 40–15–170 of the South Carolina Code (2011) provides:

> If an individual's license to practice dentistry or dental hygiene is revoked by another state for cause this shall, in the discretion of the board, constitute grounds for revocation of his South Carolina license. The license of a dentist or dental hygienist who does not either reside or practice in South Carolina for a period of six successive years is considered inactive.... Relicensing after an absence of over six years may be made at the discretion of the board upon proof of high professional fitness and moral character.

Section 40–15–140 of the South Carolina Code (2011) states, "An applicant who holds a license or certificate from any jurisdiction shall certify that he has not violated any of the provisions of the Dental Practice Act governing his prior license or practice or operation." Under section 40–15–170, the Board may revoke a license based solely on the revocation of a dentist's license in another State.

The Board is permitted discretion in determining whether to issue a license and may require the candidate to demonstrate "high professional fitness and moral character." S.C.Code Ann. § 40–15–170. Requiring Trimmier to provide documentation he was not currently facing any new or additional charges before the Georgia Board was well within the Board's discretion in light of Trimmier's past failures to comply with various requirements of the practice of dentistry. Furthermore, sections 40–15–140 and –170 specifically contemplate the Board's consideration of a license applicant's standing in other states. Any argument the Board should disregard Trimmier's license in Georgia because he voluntarily surrendered it is completely without merit. Ignoring the status of a professional license in another State could permit a dentist or other professional to forum shop to a new location in order to avoid admonition in another State. Consequently, we find the ALC did not abuse its discretion in affirming the Board's decision.

### III.  Substantial Evidence

■ Next, Trimmier argues the Board erred because substantial evidence in the record demonstrates he cannot comply with the condition imposed. We disagree.

■■ "Substantial evidence is relevant evidence that, considering the record as a whole, a reasonable mind would accept to support an administrative agency's action." *Porter v. S.C. Pub. Serv. Comm'n,* 333 S.C. 12, 20, 507 S.E.2d 328, 332 (1998). "Furthermore, the possibility of drawing two inconsistent conclusions from the evidence does not prevent a court from concluding that substantial evidence supports an administrative agency's finding." *Id.* at 21, 507 S.E.2d at 332.

Trimmier's own testimony provides substantial evidence supporting the Board's decision to condition his relicensure on proof of good standing in Georgia. According to him "everything was good" with the Georgia Board when he surrendered his license. Trimmier asserted, and his counsel agreed, the only impediment in being reinstated in Georgia was administrative, not disciplinary. The surrender of Trimmier's license indicates his license is "terminated" but only "unless and until such time as [his] license may be reinstated, in the sole discretion of the [Georgia] Board."

This evidence substantially supports that Trimmier can obtain documentation evidencing he has complied with the sanctions imposed against him in Georgia and is eligible to apply for reinstatement, or Trimmier can actually apply for reinstatement in Georgia. Consequently, substantial evidence supports the condition imposed by the Board can be achieved even if it is, in Trimmier's opinion, burdensome.

### IV. Arbitrary and Capricious

■ Finally, Trimmier argues the Board's decision was arbitrary and capricious. We disagree.

■ "A decision is arbitrary if it is without a rational basis, is based alone on one's will and not upon any course of reasoning and exercise of judgment, is made at pleasure, without adequate determining principles, or is governed by no fixed rules or standards." *Deese v. S.C. State Bd. of Dentistry,* 286 S.C. 182, 184–85, 332 S.E.2d 539, 541 (Ct.App.1985).

The determination by the Board to condition Trimmier's licensure upon sufficient proof of good standing in Georgia rationally relates to a protection of the public's interest. Trimmier has, on more than one occasion, been reprimanded by the boards governing his chosen field. The requirements

placed upon dentists are in place to protect the citizenry and ensure the public has access to safe and trustworthy dental care. Requiring further explanation and demonstration of good standing with the Georgia Board is rationally related to fulfilling this purpose. Therefore, we conclude the Board's decision was neither arbitrary nor capricious, and the ALC did not abuse its discretion in affirming it.

## CONCLUSION

Based on all of the foregoing, the decision of the ALC is **AFFIRMED.**

HUFF and WILLIAMS, JJ., concur.