**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Amisub of South Carolina, Inc., d/b/a Piedmont Medical Center, d/b/a Fort Mill Medical Center, Respondent,

v.

South Carolina Department of Health and Environmental Control and The Charlotte-Mecklenburg Hospital Authority, d/b/a Carolinas Medical Center-Fort Mill, Respondents,

Of whom The Charlotte-Mecklenburg Hospital Authority, d/b/a Carolinas Medical Center-Fort Mill, is the Appellant.

Appellate Case No. 2015-000056

———————

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————

Opinion No. 2017-UP-013
Heard November 8, 2016 – Filed January 11, 2017

———————

**AFFIRMED**

———————

Douglas M. Muller, Trudy Hartzog Robertson, and E. Brandon Gaskins, of Moore & Van Allen PLLC, of Charleston, for Appellant.

Stuart M. Andrews, Jr. and Daniel J. Westbrook, of
Nelson Mullins Riley & Scarborough LLP, of Columbia,
for Respondent Amisub of South Carolina.

Ashley Caroline Biggers and Vito Michael Wicevic, of
Columbia, for Respondent South Carolina Department of
Health and Environmental Control.

---

**PER CURIAM:** Appellant Charlotte-Mecklenburg Hospital Authority, d/b/a Carolinas Medical Center-Fort Mill (Carolinas), challenges a decision of the South Carolina Administrative Law Court (ALC) ordering Respondent South Carolina Department of Health and Environmental Control (DHEC) to issue a Certificate of Need (CON) to Respondent Amisub of South Carolina, Inc., d/b/a Piedmont Medical Center, d/b/a Fort Mill Medical Center (Piedmont). Carolinas argues the purpose and effect of the ALC's application of the CON Act, the Project Review Criteria,[1] and the 2004-2005 State Health Plan (State Health Plan) are to protect Piedmont from out-of-state competition, and, therefore, such an application violates the Dormant Commerce Clause.[2] Carolinas also argues the ALC erred in approving Piedmont's proposal to transfer beds from its existing hospital in Rock Hill to its proposed hospital in Fort Mill because the ALC failed to make any findings of fact or conclusions of law regarding the eight criteria in the Bed Transfer Provision of the State Health Plan.[3] Finally, Carolinas contends the ALC's application of certain Project Review Criteria was arbitrary and capricious. We affirm.

---

[1] There are thirty-three criteria for DHEC's review of a project under the CON program. S.C. Code Ann. Regs. 61-15 § 802 (2011) (amended 2012).

[2] The Commerce Clause of the United States Constitution, U.S. Const. art. I, § 8, cl. 3, grants Congress the power to regulate commerce among the several states. However, "[e]ven in the absence of Congressional regulation, the negative implications of the Commerce Clause, often referred to as the Dormant Commerce Clause, prohibit state action that unduly burdens interstate commerce." *Travelscape, LLC v. S.C. Dep't of Revenue*, 391 S.C. 89, 104, 705 S.E.2d 28, 36 (2011) (citing *Gen. Motors Corp. v. Tracy*, 519 U.S. 278, 287 (1997)).

[3] Chapter II.G.1 § (A)(4)(h), State Health Plan (Bed Transfer Provision). The Bed Transfer Provision allows for the transfer of beds between affiliated hospitals "in order to serve their patients in a more efficient manner," provided certain conditions are met.

# FACTS/PROCEDURAL HISTORY

Piedmont Medical Center in Rock Hill is the sole hospital in York County. It provides standard community hospital services as well as specialized services, such as open heart surgery, neurosurgery, neonatal intensive care, and behavioral health. Amisub of South Carolina, Inc., which is a subsidiary of Tenet Healthcare Corporation, operates Piedmont Medical Center. Tenet Healthcare Corporation is headquartered in Dallas, Texas and owns forty-nine hospitals in ten states. Carolinas, which is headquartered in Charlotte, North Carolina, owns multiple hospitals in North Carolina with a large network of employed physicians, many of whom have practices in York County. Additionally, Carolinas owns and operates Roper Hospital in downtown Charleston.

In 2005, Piedmont, Carolinas, Presbyterian Healthcare System (Presbyterian), and Hospital Partners of America, Inc. submitted their respective applications for a CON to build a sixty-four-bed hospital near Fort Mill based on the State Health Plan's identification of a need for sixty-four additional acute care hospital beds in York County. Subsequently, Piedmont withdrew its application and submitted a new application for a 100-bed hospital, which would include thirty-six beds transferred from Piedmont's Rock Hill facility to its proposed Fort Mill facility. In 2006, DHEC approved Piedmont's new application and denied the other three applications. Carolinas and Presbyterian filed separate requests for a contested case hearing before the ALC, which took place in September 2009.

Prior to the contested case hearing, Carolinas and Presbyterian filed summary judgment motions on the ground that DHEC misinterpreted the State Health Plan to allow only existing providers to fulfill the designated need for additional hospital beds in York County. During the hearing, Carolinas and Presbyterian renewed these motions, which the ALC granted. In December 2009, the ALC issued an order remanding the case to DHEC for a determination of which applicant most fully complied with the CON Act, the State Health Plan, Project Review Criteria, and applicable DHEC regulations.[4] The remaining three

---

[4] When DHEC is considering competing applications, it must award a CON on the basis of which applicant most fully complies with the CON Act, the State Health Plan, Project Review Criteria, and applicable DHEC regulations. S.C. Code Ann. § 44-7-210(C) (2002) (amended 2010). The ALC rejected the arguments of

applicants appealed the ALC's remand order; however, our supreme court dismissed the appeal because the remand order was interlocutory. *Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envtl. Control*, 387 S.C. 265, 267, 692 S.E.2d 894, 895 (2010).

By October 2010, the three remaining applicants submitted to DHEC additional information to supplement their respective applications. In September 2011, DHEC granted Carolinas' application and denied the applications of Piedmont and Presbyterian. Piedmont and Presbyterian submitted their respective requests for a contested case hearing before the ALC, and the ALC consolidated the cases. Presbyterian later withdrew its request, and the ALC dismissed Presbyterian as a party. The ALC conducted a contested case hearing over the course of fifteen days in April and May 2013 and subsequently ordered DHEC to award the CON to Piedmont. Carolinas filed a motion for reconsideration pursuant to Rule 59(e), SCRCP, and the ALC issued an Amended Final Order denying the motion. This appeal followed.

## STANDARD OF REVIEW

The Administrative Procedures Act governs the standard of review from a decision of the ALC, allowing this court to

> reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C. Code Ann. § 1-23-380(5) (Supp. 2016).

## LAW/ANALYSIS

---

Carolinas and Presbyterian that Piedmont was not a "competing applicant" for purposes of section 44-7-210(C).

## I.      Dormant Commerce Clause

Carolinas does not challenge the constitutionality of the CON Act itself. Further, Carolinas does not challenge the constitutionality of the State Health Plan or the Project Review Criteria.  Rather, Carolinas argues the purpose and effect of the ALC's application of the CON Act, the State Health Plan, and the Project Review Criteria are to protect Piedmont from out-of-state competition, and, therefore, such an application violates the Dormant Commerce Clause.  In particular, Carolinas challenges the ALC's conclusions of law concerning adverse impact and outmigration as violating the Dormant Commerce Clause.  However, the record does not show Carolinas presented to the ALC any argument that Piedmont's positions on adverse impact and outmigration, if adopted by the ALC, would violate the Dormant Commerce Clause.  Carolinas waited until filing its Rule 59(e) motion to present this argument, which is too late.  *See, e.g.*, *Dixon v. Dixon*, 362 S.C. 388, 399, 608 S.E.2d 849, 854 (2005) (holding an issue raised for the first time in a Rule 59(e) motion was not preserved for review).

In its Rule 59(e) motion, Carolinas stated a Dormant Commerce Clause argument was presented in writing to the ALC after the conclusion of the 2009 contested case hearing.  However, the record reflects that any Dormant Commerce Clause argument raised by the parties in 2009 would have concerned DHEC's interpretation of the State Health Plan to allow only existing providers to obtain a CON to fulfill York County's need for more hospital beds.  There is nothing in the record showing that the issues of adverse impact or outmigration even could have been reached before the ALC issued its December 2009 order remanding the case to DHEC to consider all three competing applications.

Issue preservation is especially important when a party raises an as-applied Dormant Commerce Clause argument because the determination of a Dormant Commerce Clause violation is fact-intensive.  *See Colon Health Ctrs. of Am., LLC v. Hazel*, 733 F.3d 535, 546 (4th Cir. 2013) (stating the two tests for determining a violation of the Dormant Commerce Clause are both "fact-bound"); *Travelscape*, 391 S.C. at 109, 705 S.E.2d at 38 (referring to an "as-applied" constitutional challenge to a statute or regulation as an "inherently factual issue"); *id.* at 109, 705 S.E.2d at 39 (stating the ALC is "better suited for making the factual determinations necessary for an as applied challenge, and finding a statute or regulation unconstitutional as applied to a specific party does not affect the facial validity of that provision").  Therefore, during the 2013 contested case hearing, it was incumbent upon Carolinas to present, with supporting evidence, the argument

it now makes on appeal, i.e., the ALC's adoption of Piedmont's positions on adverse effect and outmigration would violate the Dormant Commerce Clause. Because Carolinas did not do this, it has failed to preserve its Dormant Commerce Clause argument for this court's review.

## II.     Bed Transfer Provision

Carolinas next argues the ALC exceeded its authority under the CON Act and the State Health Plan in approving Piedmont's proposal to transfer beds without making any findings of fact or conclusions of law addressing the requirements of the Bed Transfer Provision. Piedmont correctly points out that Carolinas did not raise this issue during the contested case hearing or in its Rule 59(e) motion, and, therefore, it is not preserved for review. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 421, 526 S.E.2d 716, 724 (2000) ("[A]ll parties should raise all necessary issues and arguments to the lower court and attempt to obtain a ruling."); *West v. Newberry Elec. Coop.*, 357 S.C. 537, 543, 593 S.E.2d 500, 503 (Ct. App. 2004) (holding an issue unpreserved when it was neither addressed in the final order nor mentioned in the appellant's Rule 59(e) motion).

## III.     Arbitrariness and Capriciousness

Carolinas contends the ALC's application of certain Project Review Criteria was arbitrary and capricious. We hold the ALC's decision was rationally based on the standards in all of the pertinent Project Review Criteria and was, therefore, not arbitrary and capricious. *See Deese v. S.C. State Bd. of Dentistry*, 286 S.C. 182, 184–85, 332 S.E.2d 539, 541 (Ct. App. 1985) ("A decision is arbitrary if it is without a rational basis, is based alone on one's will and not upon any course of reasoning and exercise of judgment, is made at pleasure, without adequate determining principles, or is governed by no fixed rules or standards.").

**CONCLUSION**

Accordingly, we affirm the ALC's Amended Final Order.

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**