**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cyril J. Okadigwe, Appellant,

v.

South Carolina Department of Labor, Licensing, and Regulation, State Board of Pharmacy, Respondent.

Appellate Case No. 2017-001339

———————

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————

Unpublished Opinion No. 2019-UP-165
Submitted April 1, 2019 – Filed May 8, 2019

———————

**AFFIRMED**

———————

Herbert E. Buhl, III, of Columbia, for Appellant.

Timothy Kyle Tennis, of the South Carolina Department of Labor, Licensing and Regulation, of Columbia, for Respondent.

———————

**PER CURIAM:** Cyril J. Okadigwe appeals the Administrative Law Court's (the ALC's) order affirming the State Board of Pharmacy's (the Board's) suspension of his pharmacist's license, arguing the ALC erred in (1) finding the Board did not abuse its discretion by imposing arbitrary and capricious conditions for the

reinstatement of his pharmacist's license, (2) excluding Dr. John Ruoff's affidavit, and (3) finding the Board did not deny Okadigwe's due process and equal protection rights. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the ALC erred in finding the Board did not abuse its discretion by imposing arbitrary and capricious conditions for lifting the suspension of Okadigwe's license: *Rodney v. Michelin Tire Corp.*, 320 S.C. 515, 519, 466 S.E.2d 357, 359 (1996) ("The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence."); *Deese v. S.C. State Bd. of Dentistry*, 286 S.C. 182, 184-85, 332 S.E.2d 539, 541 (Ct. App. 1985) ("A decision is arbitrary if it is without a rational basis, is based alone on one's will and not upon any course of reasoning and exercise of judgment, is made at pleasure, without adequate determining principles, or is governed by no fixed rules or standards."); *State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 656 (2006) (stating a decision may potentially be arbitrary and capricious if it "does not fall within the range of permissible decisions applicable in a particular case"); S.C. Code Ann. § 40-1-110(1)(f) (2011) (allowing the Board to discipline pharmacists who "committed a dishonorable, unethical, or unprofessional act that is likely to deceive, defraud, or harm the public"); S.C. Code Ann. § 40-1-120(A)(3) (2011) (stating that once the Board determines grounds for discipline exist, it may "place a licensee on probation or restrict or suspend the individual's license for a definite or indefinite time and prescribe conditions to be met during probation, restriction, or suspension including, but not limited to, *satisfactory completion of additional education, of a supervisory period, or of continuing education programs*" (emphasis added)); *Osman v. S.C. Dep't of Labor*, 382 S.C. 244, 247-48, 676 S.E.2d 672, 674-75 (2009) (finding the State Board of Medical Examiners' condition restricting a doctor from practicing surgical obstetrics until she proved she had the appropriate education and training fell within the scope of its statutory authority); *Deese*, 286 S.C. at 185, 332 S.E.2d at 541 ("An agency need not exercise its discretion identically in every case." (quoting *Villela v. Dep't of the Air Force*, 727 F.2d 1574, 1577 (Fed. Cir. 1984))); *Michel v. Michel*, 289 S.C. 187, 190, 345 S.E.2d 730, 732 (Ct. App. 1986) (stating a trial court may correct mistakes and clerical errors pursuant to its own process without an exercise of judgment or discretion on the merits of the action).

2. As to whether the ALC erred in excluding Dr. Ruoff's affidavit: *See* SCALC Rule 36(G) ("The [ALC] will not consider any fact which does not appear in the Record."); S.C. Code Ann. § 1-23-380(4) (Supp. 2018) ("The review must be conducted by the court and must be confined to the record.").

3.  As to whether the ALC erred in finding the Board did not deprive Okadigwe of his due process and equal protection rights: U.S. Const. amend. XIV, § 1 (prohibiting any state from depriving "any person of life, liberty, or property, without due process of law" or denying "any person . . . equal protection of the law"); *Dantzler v. Callison*, 230 S.C. 75, 92, 94 S.E.2d 177, 186 (1956) ("[A] state, under its police power, may regulate, within reasonable bounds, for the protection of the public health the practice of [medicine or surgery] by defining the qualifications which one must possess before being permitted to practice . . . ."); § 40-1-120(A)(3) (stating that once the Board determines grounds for discipline exist, it may "place a licensee on probation or restrict or suspend the individual's license for a definite or indefinite time and prescribe conditions to be met during probation, restriction, or suspension including, but not limited to, satisfactory completion of additional education, of a supervisory period, or of continuing education programs"); *Deese*, 286 S.C. at 185, 332 S.E.2d at 541 ("An agency need not exercise its discretion identically in every case. 'A penalty that is within the authority of the agency is not rendered invalid in a particular case because it is more severe than sanctions imposed in other cases' and 'mere unevenness in the application of the sanction does not render its application in a particular case unwarranted in law.'" (quoting *Villela*, 727 F.2d at 1577)).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.